# **Exhibit B**

# **(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ZENERGY BRANDS, INC.,** *et al.*,[1] | § | **Case No. 19-42886** |
| | § | |
| **Debtors.** | § | **(Joint Administration Requested)** |

**INTERIM AND FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN CRITICAL VENDOR AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an entry of an interim and final order (this "Order"), (a) authorizing the Debtors to pay or honor prepetition obligations to certain Critical Vendors and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having found that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that notice of the Motion was appropriate under the circumstances and that no other notice need be provided; and having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing conducted on October 29, 2019 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Zenergy Brands, Inc. (1686); NAUP Brokerage, LLC (7899); Zenergy Labs, LLC (8045); Zenergy Power & Gas, Inc. (1963); Enertrade Electric, LLC (8649); Zenergy & Associates, Inc. (4022); and Zen Technologies, Inc. (7309). The above-captioned Debtors' mailing address is 5700 Granite Pkwy, #200, Plano, TX 75024.

[2] Capitalized terms used but not otherwise defined shall have the meanings set forth to them in the Motion.

1. The Motion is granted on an interim basis subject to it becoming a self-effectuating final order as set forth herein.

2. This Order shall become a final Order on the eleventh (11th) day after entry of this Order without further notice or hearing, unless an objection to the relief requested on a final basis is filed with the Court and served on Debtors' counsel by that eleventh (11th) day after entry of this Order. Notwithstanding any timely-filed objection, this Order shall remain in effect until otherwise found by further order of this Court. Any further hearing on this Order or the Motion shall be noticed only to the objecting party or parties.

3. This Court retains jurisdiction to address and decide all matters arising from or related to the implementation of this Order.

A. **Critical Vendor Claim**

4. The Debtors are authorized, but not directed, to pay the Critical Vendor in an amount not exceed $460,000, unless otherwise ordered by the Court, as set forth herein.

5. The Critical Vendor's acceptance of payment is deemed to be acceptance of the terms of this Order, and if the Critical Vendor thereafter does not provide the Debtors with customary trade terms or negotiated trade terms during these cases, then any payments of prepetition claims made after the Petition Date may be deemed to be unauthorized postpetition transfers and therefore recoverable by the Debtors in these chapter 11 cases.

6. The Debtors are authorized to obtain written verification of customary trade terms or negotiated trade terms to be supplied by the Critical Vendor before issuing payment hereunder.

7. If the Critical Vendor refuses to supply goods and/or services to the Debtors on customary trade terms or negotiated trade terms following receipt of payment of its Critical

Vendor claim, the Debtors may, in their discretion and without further order of the Court, declare that provisional payments made to the Critical Vendor on account of the Critical Vendor claim be deemed to have been in payment of then-outstanding postpetition claims of such vendors without further order of the Court or action by any person or entity. If the Debtors exercise the right set forth in the preceding sentence, the Critical Vendor against which such right is exercised shall immediately return to the Debtors any payments made to it on account of its Critical Vendor claim to the extent that any such payments exceed the postpetition claims of the Critical Vendor then outstanding without giving effect to any further rights of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise.

8. If the Critical Vendor that has received a payment pursuant to this Order refuses to perform its postpetition obligations pursuant to an executory contract with one or more of the Debtors in violation of the Bankruptcy Code, the Debtors may file an Order to Show Cause setting forth the Debtors' belief that the Critical Vendor is in violation of the Bankruptcy Code through its failure to perform under a prepetition agreement and seeking entry of such Order to Show Cause, which shall require the Critical Vendor to appear before the Court to show why it should not be (a) found to have willfully violated sections 362 and/or 365 of the Bankruptcy Code and (b) required to return any payment made by the Debtors to the Critical Vendor pursuant to this Order, plus attorneys' fees and costs.

**B.     General Provisions**

9. Notwithstanding the relief granted in this Order and any action taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under

section 365 of the Bankruptcy Code; (d) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (e) a waiver of any claims or causes of action that may exist against any entity.

10. Notwithstanding anything to the contrary contained herein, the relief granted in this Order and any payment to be made hereunder shall be subject to the terms of any orders granting the use of cash collateral approved by this Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use), and to the extent there is any inconsistency between the terms of such cash collateral orders and any action taken or proposed to be taken hereunder, the terms of such cash collateral orders shall control.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all maters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019

                                                UNITED STATES BANKRUPTCY JUDGE

4835-7254-8779.2