**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ZENERGY BRANDS, INC., et al,[1] | § | Case No. 19-42886 |
| | § | |
| Debtor. | § | (Jointly Administered) |
| | § | |

**APPLICATION TO EMPLOY KANE RUSSELL COLEMAN LOGAN PC AS COUNSEL FOR THE OFFICIAL UNSECURED CREDITORS' COMMITTEE**

**14-DAY NEGATIVE NOTICE – LBR 2014(A):**

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Zenergy Brands, Inc. (1686); NAUP Brokerage, LLC (7899); Zenergy Labs, LLC (8045); Zenergy Power & Gas, Inc. (1963); Enertrade Electric, LLC (8649); Zenergy & Associates, Inc. (4022); and Zen Technologies, Inc. (7309). The above-captioned Debtors' mailing address is 5700 Granite Pkwy, #200, Plano, TX 75024.

The Official Unsecured Creditors' Committee (the **"Committee"**) for for Zenergy Brands, Inc. and its debtor affiliates (collectively, the "**Debtors**") files this Application (the **"Application"**) to Employ Kane Russell Coleman Logan PC as Counsel for the Committee and in support thereof would respectfully show the Court as follows:

### JURISDICTION; VENUE; STATUTORY BASIS FOR RELIEF

1. This Court has jurisdiction over this Application and any hearings or orders entered pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and proceeding is in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The relief sought in this Application is based upon section 327(a) of title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2104(a) and 2016(b).

### BACKGROUND

2. On October 24, 2019 (the **"Petition Date"**), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtors continue to operate their respective businesses and manage their properties as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. As of the date hereof, no trustee, or examiner has been appointed.

4. On November 4, 2019, the United States Trustee for the Eastern District of Texas (the **"Trustee"**) appointed the Committee. The Committee currently consists of the following voting members:

   (a) Brett Rosen, RB Capital Partners, Inc.
   (b) Michael Ziegler
   (c) Ashley Gee

5. Following the Committee's initial appointment, the Committee elected Brett Rosen on behalf of RB Capital Partners, Inc., as Committee chairman and hired, subject to Court approval, Kane Russell Coleman Logan PC as the Committee's counsel (**"KRCL"**).

## RELIEF REQUESTED

6. The Committee seeks Court authority to employ KRCL as counsel for the Committee, pursuant to 11 U.S.C. §§ 328 and 1103, effective November 4, 2019. KRCL presently maintains offices at 901 Main Street, Suite 5200, Dallas, Texas 75202. KRCL's telephone and facsimile numbers are (214) 777-4200 and (214) 777-4299, respectively.

7. The Declaration of Joseph M. Coleman (Texas State Bar No. 04566100), a shareholder of KRCL, is annexed hereto as Exhibit "A" in support of this Application in accordance with 11 U.S.C. § 1103 and Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014.

8. The Committee selected Joseph M. Coleman and KRCL to serve as its counsel because Mr. Coleman and the members of KRCL possess considerable experience in matters of this nature and are well qualified to represent the Committee in this case. Mr. Coleman has over thirty years' experience practicing bankruptcy law in courts across the United States. Moreover, Mr. Coleman and other KRLC attorneys have extensive experience representing creditors' committees, having represented 42 committees in 17 states.

9. The professional services KRCL will render for the Committee include, but are not limited to, the following:

(a) Providing the Committee with legal advice concerning its duties, powers and rights in relation to the Debtors and the administration of the Debtors' bankruptcy case;

(b) Assisting the Committee in the investigation of the acts, conduct, assets, and liabilities of the Debtors, and any other matters relevant to the case or to the formulation of a plan of reorganization;

(c) Assisting the Committee with key motions, such as DIP financing;

(d) Assisting the Committee and Debtors in the formulation of a plan of reorganization, or if appropriate, to formulate the Committee's own plan of reorganization;

(e) Taking such action necessary to preserve and protect the rights of all of the Debtors' unsecured creditors;

APPLICATION TO EMPLOY KANE RUSSELL COLEMAN LOGAN PC AS COUNSEL FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
7330874 v1 (72278.00002.000)

PAGE 3

(f) Investigate potential causes of action against third parties for the benefit of the bankruptcy estate;

(g) Preparing on behalf of the Committee all necessary applications, pleadings, adversary proceedings, answers, reports, orders, responses, and other legal documents;

(h) Conducting appropriate discovery and investigations into the Debtors' operations, valuation of assets, lending relationships, management, Debtors' affiliates, and causes of action; and

(i) Performing all other legal services which may be necessary and in the best interests of the unsecured creditors of the Debtors' estate.

10. Joseph M. Coleman, and each of the attorneys listed below are in good standing as current members of the United States Bankruptcy Court for the Eastern District of Texas, among other courts.

11. KRCL proposes to bill at normal hourly rates for attorneys and paralegals involved in representing the Committee. Below are the usual and customary rates of the individuals KRCL expects to be involved in this matter:

| Attorney | Standard Hourly Rate |
| --- | --- |
| Joseph M. Coleman | $615.00 |
| S. Kyle Woodard | $300.00 |
| Directors | $350.00 – $600.00 |
| Associates | $260.00 – $385.00 |
| Paralegals | $125.00 – $225.00 |

12. KRCL also requires reimbursement for actual, necessary expenses incurred in representing the Committee. Expenses typically charged to clients, and for which KRCL may seek reimbursement include, among other things, telephone and telecopy, travel, and other travel-related charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, expenses for "working meals," computerized research, transcription costs as well as non-ordinary overhead expenses such as secretarial overtime necessitated by emergencies

beyond KRCL's control.  KRCL's practice, with respect to facsimile charges, is not to charge for incoming faxes, but to only charge for outgoing facsimiles at the rate of $.50 per page (local) and $.55 per page (long distance).  KRCL believes it is fair to charge these expenses to clients incurring them rather than increase hourly rates and spread the expenses among all clients.

13.  KRCL will charge the Committee for its costs and expenses in a manner consistent with KRCL's other clients.

14.  Subject to this Court's approval of the Application, the Committee has agreed to employ KRCL as counsel at its standard hourly rates and pursuant to the terms set forth above, with such compensation to be paid in accordance with 11 U.S.C. §§ 328, 330, 331, Bankruptcy Rule 2016, and other orders of this Court.

15.  The Committee believes that the employment of KRCL would be in the best interest of this estate and will greatly assist the Committee in moving this case forward.  The Committee bases this belief, without limitation, upon the specific experience and knowledge which Mr. Coleman and his fellow directors and associates have as a result of their prior representation of creditors' committees in numerous other bankruptcy cases, and the general expertise and skill of lawyers employed by KRCL.

16.  The Committee requests that this Court authorize the retention of KRCL as Counsel for the Committee pursuant to 11 U.S.C. §§ 328 and 1103(b).

17.  The foregoing Application and accompanying Declaration of Joseph M. Coleman are based upon the best information currently available to KRCL and the Committee.  The Committee and KRCL will supplement this Application as necessary should new information come to light.

## NOTICE

18.  Pursuant to Local Rule 9013(f) and as set forth in the attached Certificate of Service, this Application has been served on the Debtors, the Debtors' counsel, the Office of the United

States Trustee for the Eastern District of Texas, all members of the official committee and their respective attorneys, all secured creditors, all governmental unites, the twenty (20) largest unsecured creditors (only in the event that no official committee of unsecured creditors has been formed), parties who have filed a Notice of Appearance in the Debtors' bankruptcy case as of the date of filing of this Application, any other entities adversely affected by the relief requested, and all other persons through ECF.

19. No prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court enter an order, substantially in the form annexed hereto, granting the Application, and such other and further relief as is just and proper.

Dated: November 12, 2019

By: /s/ Brett Rosen
Brett Rosen
*Interim* Chairman of the Official Unsecured
Creditors' Committee for Zenergy Brands,
Inc. and its debtor affiliates

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Application* was served on all parties receiving ECF Notification at the date and time filed, and on November 13, 2019, to the parties listed on the attached Limited Master Service List [Docket No. 77] via First Class U.S. Mail.

/s/*Joseph M. Coleman*
Joseph M. Coleman