IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ZENERGY BRANDS, INC., et al,[1] | § | Case No. 19-42886 |
| | § | |
| Debtor. | § | (Jointly Administered) |
| | § | |

**DECLARATION OF JOSEPH M. COLEMAN IN SUPPORT OF APPLICATION TO EMPLOY KANE RUSSELL COLEMAN LOGAN PC AS COUNSEL FOR THE OFFICIAL UNSECURED CREDITORS' COMMITTEE**

Comes now Joseph M. Coleman and states as follows:

1. "This Declaration of Joseph M. Coleman is filed in support of the *Application to Employ Kane Russell Coleman Logan PC as Counsel for the Official Unsecured Creditors' Committee* (the **"Application"**), filed on behalf of the Official Unsecured Creditors' Committee (the **"Committee"**) of Zenergy Brands, Inc. and its debtor affiliates (collectively, the "**Debtors**") pursuant to 11 U.S.C. § 1103.

2. By filing the Application, the Committee has requested that KRCL serve as its counsel, effective November 4, 2019, in the above styled bankruptcy case (the **"Case"**), pending court approval.

3. I am the Chairman of the Executive Committee at Kane Russell Coleman Logan PC (**"KRCL"**).

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Zenergy Brands, Inc. (1686); NAUP Brokerage, LLC (7899); Zenergy Labs, LLC (8045); Zenergy Power & Gas, Inc. (1963); Enertrade Electric, LLC (8649); Zenergy & Associates, Inc. (4022); and Zen Technologies, Inc. (7309). The above-captioned Debtors' mailing address is 5700 Granite Pkwy, #200, Plano, TX 75024.

4. I am licensed to practice law in the State of Texas, in the United States District Courts for the Northern, Southern, Eastern and Western Districts of Texas, the Fifth Circuit Court of Appeals, and the United States Supreme Court.

5. I make and execute this Declaration on behalf of KRCL, which maintains an office at 901 Main Street, Suite 5200, Dallas, Texas 75202. All facts stated herein are made to the best of my knowledge and belief.

6. In preparing this Declaration, all attorneys at KRCL have been asked to review a list of the Debtors' equity holders, secured creditors and its twenty largest unsecured creditors (the "Creditor List"), and to notify me and my staff of any known conflicts potentially precluding KRCL's representation of the Committee. No such conflicts were reported except as set forth herein.

7. In addition, KRCL is in the process of using its conflict management software to process each of the creditors on the Debtors' entire matrix for potential conflicts. That software processes the names of creditors on the Debtors' matrix against current and former clients of KRCL to determine whether the Debtors and/or the creditors on the matrix are currently allied or adverse to KRCL's clients.

8. In doing so, KRCL's conflict management software alerts KRCL to any conflict that might preclude KRCL from representing the Committee in this case or any potential relationship requiring disclosure. If any matters relevant to KRCL's employment in this Case or other disclosures subsequently arise from the review of the Debtors' matrix from KRCL's conflict management software, I will promptly supplement this Declaration.

9. The facts stated in this Declaration as to the relationship between KRCL and: (i) other lawyers; (ii) the Debtors; (iii) the Debtors' creditors; (iv) other parties-in-interest in the Case;

(v) the United States Trustee, are based on KRCL's detailed review of the results following KRCL's conflicts check.

10. KRCL is not a creditor, an equity security holder or an insider of the Debtors.

11. KRCL is not and was not an investment banker for any outstanding security of the Debtors.

12. No attorney at KRCL has served as an officer, director, or employee of the Debtors, or an investment banker for securities of the Debtors.

13. No attorney at KRCL is in control of the Debtors or is a relative of the general partner, director, officer, or other person in control of any of the Debtors.

14. No attorney at KRCL is a general or limited partner of a partnership in which the Debtors is also a general partner.

15. No attorney at KRCL is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale, or issuance of a security by the Debtors.

16. No attorney at KRCL has represented a financial advisor of the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

17. KRCL has never represented the Debtors or any of the Debtors' affiliates and does not now represent the Debtors or any of the Debtors' affiliates in connection with this case or in any other manner.

18. The following parties are either current or former clients who appeared upon the Creditor List: Cede & Co, Liberty Trust Co. and Regus (collectively "Disclosure Parties"). KRCL has not represented any of the Disclosure Parties in any matter related to the Debtors. One of our attorneys was previously adverse to Cede & Co., an equity holder of the Debtor. That matter concluded approximately in the final quarter of 2013. Liberty Trust Company is a current client of

the Firm. One of the top twenty creditors and Committee members, Michael Ziegler, lent money to the Debtors on an unsecured basis in the following manner - "Liberty Trust Co. Ltd. Custodian DBA Michael A. Ziegler, IRA. I understand Mr. Ziegler's advances to the Debtors were from his self-directed IRA, which is held by Liberty Trust Co. Ltd. Regarding the entity named "Regus" on the Creditor List, assuming that means Regus Management Group, LLC, KRCL currently represents Regus Management Group in various matters, but has not represented them in regard to the Debtors and will not represent them in the Debtors' bankruptcy case. KRCL is not currently aware of any parties-in-interest in this case which KRCL has represented in the past or is currently representing in matters wholly unrelated to this proceeding except as disclosed in this Declaration.

19. KRCL was contacted by Michael Ziegler about potentially representing the Committee. I had inquired about the Debtors' bankruptcy filing to Marcus Helt, the Debtors' counsel. I understand that Mr. Ziegler obtained my name, as potential Committee Counsel, from Mr. Helt.

20. KRCL employs approximately 72 attorneys and has a large and diversified legal practice which encompasses, among other things, the representation of financial institutions, commercial corporations, and creditors. Some of these entities (or affiliates of these entities) are or may be holders of claims against or interests in the Debtors or parties-in-interest to this case. Moreover, KRCL regularly represents committees of unsecured creditors throughout the country. Thus, it is possible that certain creditors of the Debtors are or may have been creditors in other cases in which KRCL represents committees of unsecured creditors. In the ordinary course of practice of law, KRCL and certain of its members, counsel and associates, have, in the past, represented, currently represent, and from time to time in the future may represent entities or affiliates of such entities in matters unrelated to the Debtors' bankruptcy case.

21. Except as otherwise disclosed herein, in the accompanying Application or as subsequently disclosed, KRCL has no financial connection or relationship with the Debtors, equity security holders, creditors, or parties-in-interest in this case. However, as part of its diverse practice, KRCL appears in cases, proceedings, and transactions involving many different professionals, including attorneys, accountants, financial consultants, and investment bankers, some of which may be, or may represent claimants and parties-in-interest in the Debtors' case.

22. Subject to the matters disclosed herein, I am and each member of KRCL is, a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

23. Subject to application and Court allowance, the Committee has agreed to the employment of KRCL for legal services to be rendered as counsel in the manner set forth in the Application, and to reimburse KRCL for expenses incurred during its representation of the Committee as set forth in the Application and in accordance with 11 U.S.C. §§ 328-331, Bankruptcy Rule 2016, the Court's Local Rules, the U.S. Trustee Guidelines, and orders of the Court.

24. KRCL will seek Court approval for the payment of compensation and reimbursement of expenses by filing appropriate applications for allowance of interim and final compensation pursuant to 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Court's Local Rules, and Orders of this Court.

25. KRCL anticipates that I will have the primary responsibility of representing the Committee. Under my supervision, one or more of KRCL's other attorneys, including John J. Kane, S. Kyle Woodard, and paralegals may be used to handle such matters commonly delegated to such professionals.

26. Neither I nor members of KRCL are either related to any judge of the United States Bankruptcy Court or any attorney or other employee with the United States Trustee's Office for the

Eastern District of Texas or otherwise connected with any such judge or member of the U.S. Trustee's Office in a manner that would render my or KRCL's employment improper.

27. KRCL, as a professional corporation, proposes to represent the Committee as its counsel in the manner described in the Application. KRCL has not agreed to share (a) any compensation it has received or may receive with any other entity or party other than the members, counsel, and employees of KRCL; or (b) the compensation any other person or party may receive.

28. Except as set forth herein or in the Application, neither I nor KRCL holds or represents any interest adverse to the Committee, the Debtors, or the estate with respect to the matters for which KRCL's employment is sought.

29. I submit this Declaration based upon the information available to me as of the date so executed and will promptly supplement this Declaration should it become inaccurate or incomplete."

Dated: November 12, 2019
      Dallas, Texas

_____
Joseph M. Coleman