IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ZENERGY BRANDS, INC., *et al.*,[1] | § | Case No. 19-42886 |
| | § | |
| Debtor. | § | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER AUTHORIZING EXAMINATION OF DEBTORS AND INSIDERS AND AFFILIATES THEREOF PURSUANT TO BANKRUPTCY RULE 2004**

**14-DAY NEGATIVE NOTICE – LBR 2004(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE_ shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

The Official Committee of Unsecured Creditors (the "**Committee**") for Zenergy Brands, Inc. and related Debtor entities (collectively, the "**Debtors**") files this *Motion for Order Authorizing Examination of Debtors and Insiders and Affiliates Thereof Pursuant to Bankruptcy Rule 2004* (the "**Motion**"). In support of the Motion, the Committee respectfully states as follows:

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Zenergy Brands, Inc. (1686); NAUP Brokerage, LLC (7899); Zenergy Labs, LLC (8045); Zenergy Power & Gas, Inc. (1963); Enertrade Electric, LLC (8649); Zenergy & Associates, Inc. (4022); and Zen Technologies, Inc. (7309). The above-captioned Debtors' mailing address is 5700 Granite Pkwy, #200, Plano, TX 75024.

## JURISDICTION & VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), and Rule 2004 of the Federal and Local Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3. On October 24, 2019 ("**Petition Date**"), the Debtors commenced their Chapter 11 cases, which are jointly administered under lead case of Zenergy Brands, Inc., Case No. 19-42886.

4. On October 31, 2019, the Court entered an *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief, and (VII) Scheduling Final Hearing* [Dkt. #61] (the "**Interim DIP Financing Order**").

5. Paragraph 33 of the Interim DIP Financing Order, as modified on the record on November 18, 2019, provides the Committee until February 10, 2020, to file claims and causes of action (the "**Challenge Period**") against TCA Global Credit Master Fund, L.P. (the "**Prepetition Lender**"). Otherwise, the potential exists that certain releases currently found in the Interim DIP Financing Order and related proposed Debtor-in-Possession financing documents, will be deemed enforceable against "all parties-in-interest…and [the Committee]…." *See* INTERIM DIP FINANCING ORDER, ¶ 33(a).

6. On November 4, 2019, the United States Trustee for the Eastern District of Texas filed its *Appointment of Official Unsecured Creditors' Committee* [Dkt. #69] in the Debtors' bankruptcy cases.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER
AUTHORIZING EXAMINATION OF DEBTORS PURSUANT TO BANKRUPTCY RULE 2004

PAGE 2 OF 7
7350629 v3 (72278.00002.000)

On November 18, 2019, the Court held a final hearing on the Debtors' *Emergency Motion For Entry Of Interim And Final Orders (I) Authorizing The Debtors To Obtain Post-Petition Financing, Granting Senior Postpetition Security Interests And According Superpriority Administrative Expense Status Pursuant To Sections 364(c) And 364(d) Of The Bankruptcy Code; (II) Authorizing The Use Of Cash Collateral; (III) Granting Adequate Protection; (IV) Modifying The Automatic Stay; And (V) Granting Related Relief* [Dkt. #19] (the "**DIP Motion**"), wherein it was agreed among the parties and read into the Court record that Challenge Period would expire on February 10, 2020. As a result, the Challenge Period expires on February 10, 2020.

7. On November 12, 2019, the undersigned law firm ("**KRCL**") filed its *Application to Employ Kane Russell Coleman Logan PC as Counsel for the Official Unsecured Creditors' Committee* [Dkt. #80]. Shortly after the Committee's formation, KRCL issued informal document requests to the Debtors, negotiated and executed a nondisclosure agreement, and began conducting investigatory interviews with creditors and certain of Debtors' representatives about potential claims and causes of action.

8. Also on November 12, 2019, the Committee forwarded a letter requesting information to the Debtors' counsel, Marcus Helt (the "**Preliminary Document Request**"), a true and correct copy of which is included in **Exhibit "A"** attached hereto. To date, the Debtors have produced certain prepetition loan documents, perfection documents, a resignation letter from Byron Young and from Alex Rodriguez, certain insurance information, an investment banking services letter agreement, and related information.

9. On November 19, 2019, the Debtors filed their *Bankruptcy Schedules A-H* [Dkt. #93] and *Statement of Financial Affairs* [Dkt. #94] (the "**Schedules and Statements**"). KRCL has reviewed the Schedules and Statements and the other documents provided by the Debtors pursuant to the Preliminary Document Request. KRCL has also discussed potential claims and causes of actions against third parties with the Debtors' representatives and counsel to Prepetition Lender and TCA

Special Situations Credit Strategies ICAV (the "**DIP Lender**").

10. In short, the Committee has been very diligent in its short existence to exhaust internal investigative opportunities and appreciates the Debtors' cooperation to date. Based upon its investigation to date, however, the Committee has made the informed decision that they must pursue its investigation through the present Motion.

11. Specifically, the Committee has determined that in order to fulfill its duties to its constituents under section 1103 of the Bankruptcy Code, it requires additional information about the Debtors' business operations, capital structure, and financial condition, beyond what is included in the Schedules and Statements. In addition, the Committee needs additional information about the Debtors' prepetition actions, officers, directors, and lenders and their respective actions and potentially, omissions. To further its investigation, the Committee seeks, among other things, information pertaining to the Debtors' relationship and prepetition agreements with the Prepetition Lender and DIP Lender.

## RELIEF REQUESTED AND BASIS THEREFOR

12. Bankruptcy Rule 2004 provides that, upon the motion of a party in interest, the Court may order the examination of any entity and compel the production of documents. FED. R. BANKR. P. 2004(a), (c). The examination may relate to, among other things, any matter that "may affect the administration of the debtor's estate, … the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." FED. R. BANKR. P. 2004(b). The scope of an examination under Bankruptcy Rule 2004 is "extremely broad," and has been likened to a "lawful" fishing expedition. *In re M4 Enters, Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); *In re Lufkin*, 255, B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (quoting *Bank One Columbus, N.A. v. Hammond*

*(In re Hammond)*, 140 B.R. 197, 201 (S.D. Ohio 1992); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996). The standard for granting a Bankruptcy Rule 2004 examination is whether the movant has established "good cause." *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992).

13. Section 1103 of the Bankruptcy Code sets forth the duties of a creditors' committee including to "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor … ." 11 U.S.C. § 1103(c); *Matter of Advisory Comm. of Major Funding Corp.*, 109 F.3d 219, 224 (5th Cir. 1997). By this Motion, the Committee seeks to continue fulfilling its statutory duty of investigating the Debtor's affairs in order to, among other things, assess the viability of the Debtors' reorganization efforts and determine whether the Debtors hold potential causes of action for recovery against third parties. In addition to the actions currently being taken by the Committee, the Committee should be permitted to conduct an examination of the Debtors under Bankruptcy Rule 2004 and to seek documents from the Debtors and their insiders, affiliates, and representatives.

14. The Committee, through counsel, seeks to take the oral examination of Joshua Campbell, the representative(s) of Zenergy Brands, Inc. and related Debtors, on January 10, 2020, at the offices of Kane Russell Coleman Logan PC, 901 Main Street, Suite 5200, Dallas, Texas 75202; Tel: (214) 777-4200; Fax: (214) 777-4299, or such other date and location as may be mutually agreed upon by the parties. The examination will relate to, among other things, the Debtors' relationships and arrangements with lenders, the Debtors' business operations, and the financial condition of the Debtors. The examination will be recorded by audio tape, digital audio recording, and/or stenographic recording. The Committee further seeks production from the Debtors of all documents and information set forth on **Exhibit "A"** attached hereto.

15. If this Motion is approved, the Committee demands: (a) that the Debtors produce for inspection and copying the documents set forth in **Exhibit "A"** commencing not later than December 7, 2019, and continuing through noon CST on December 18, 2019, either electronically or

at the offices of Kane Russell Coleman Logan PC, 901 Main Street, Suite 5200, Dallas, Texas 75202; Tel: (214) 777-4200; Fax: (214) 777-4299, unless otherwise agreed to by the Committee and Debtors; and (b) that Joshua Campbell or such other representative of the Debtors appear for examination by the Committee, through counsel, at the offices of the Committee's undersigned proposed counsel at a time that is mutually agreeable between the Debtors and the Committee or, if no agreement is reached, January 10, 2020.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order (a) requiring the Debtors to produce all documents set forth on **Exhibit "A"** attached hereto, (b) authorizing the Committee to take the oral examination of the Debtors, and (c) granting the Committee such other and further relief to which it may be justly entitled.

Dated: November 26, 2019

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:    /s/ *Joseph M. Coleman*
       Joseph M. Coleman
       State Bar No. 04566100
       John J. Kane
       State Bar No. 24066794
       S. Kyle Woodard
       State Bar No. 24102661

901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 777-4200 (Telephone)
(214) 777-4299 (Facsimile)
E-mail: jcoleman@krcl.com
E-mail: jkane@krcl.com
E-mail: kwoodard@krcl.com

**Proposed Counsel for the Official Committee of Unsecured Creditors**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have spoken with counsel for the Debtors regarding this Motion, but a final agreement has not yet been reached as to the relief requested.

*/s/ Joseph M. Coleman*
Joseph M. Coleman

## CERTIFICATE OF SERVICE

I hereby certify that (a) a true and correct copy of the foregoing document was served via the Court's electronic filing system (ECF) upon all parties receiving such service in this bankruptcy case on the date and time filed; and (b) a true and correct copy of foregoing document was served via first-class U.S. mail on the attached Limited Master Service List on November 26, 2019.

*/s/ Joseph M. Coleman*
Joseph M. Coleman