IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ZENERGY BRANDS, INC., *et al.*,[1] | § | Case No. 19-42886 |
| | § | |
| Debtor. | § | (Jointly Administered) |

**MOTION TO ENFORCE ORDER GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER AUTHORIZING EXAMINATION OF PREPETITION AND DIP LENDERS AND INSIDERS AND AFFILIATES THEREOF PURSUANT TO BANKRUPTCY RULE 2004**

[Relates to Docket No. 125]

**21-DAY NEGATIVE NOTICE – LBR 9007(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE_ shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

The Official Committee of Unsecured Creditors (the "**Committee**") for Zenergy Brands, Inc. and related Debtor entities (collectively, the "**Debtors**") hereby files this *Motion to Enforce Order Granting Official Committee of Unsecured Creditors' Motion for Order Authorizing Examination of Prepetition and*

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Zenergy Brands, Inc. (1686); NAUP Brokerage, LLC (7899); Zenergy Labs, LLC (8045); Zenergy Power & Gas, Inc. (1963); Enertrade Electric, LLC (8649); Zenergy & Associates, Inc. (4022); and Zen Technologies, Inc. (7309). The above-captioned Debtors' mailing address is 5700 Granite Pkwy, #200, Plano, TX 75024.

*DIP Lenders and Insiders and Affiliates Thereof Pursuant to Bankruptcy Rule 2004* (the "**Motion**"), and in support thereof, respectfully states as follows:

## JURISDICTION & VENUE

1.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL POSITION

3.  On October 24, 2019 ("**Petition Date**"), each of the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "**Court**"). The Debtors' Chapter 11 cases are jointly administered under the lead case of Zenergy Brands, Inc., Case No. 19-42886.

4.  On November 26, 2019, the Committee filed its *Motion for Order Authorizing Examination of Prepetition and DIP Lenders and Insiders and Affiliates Thereof Pursuant to Bankruptcy Rule 2004* [Dkt. #109] (the "**2004 Motion**") seeking an order that, among other things, required TCA Global Credit Master Fund, L.P. and TCA Special Situations Credit Strategies ICAV (collectively, "**TCA**") to produce the requested documents set forth in **Exhibit "A"** attached thereto (the "**Requested Documents**").

5.  On December 11, 2019, the Court granted the 2004 Motion and entered an *Order Granting Official Committee of Unsecured Creditors' Motion for Order Authorizing Examination of Prepetition and DIP Lenders and Insiders and Affiliates Thereof Pursuant to Bankruptcy Rule 2004* [Dkt. #125] (the "**2004 Order**"), pursuant to which TCA was required to produce all Requested Documents, on a rolling basis, "commencing not later than December 7, 2019, and continuing through noon CST on December 18, 2019" (the "**Production Deadline**").

6.       On December 18, 2019, TCA filed an *Agreed Motion to Extend (I) Rule 2004 Document Production Deadline and (II) Challenge Period* [Dkt. #132] seeking, among other things, a three-week extension of the Production Deadline, to which the Committee consented.

7.       On December 30, 2019, the Court entered an *Order Granting Agreed Motion to Extend (I) Rule 2004 Document Production Deadline and (II) Challenge Period* [Dkt. #138], thereby extending the Production Deadline through "noon CST on January 8, 2020" (the "**Extended Production Deadline**").

## RELIEF REQUESTED

8.       The Committee hereby requests that the Court enter an order compelling TCA's compliance with the 2004 Order and requiring TCA's immediate production of the Requested Documents.

9.       As of the date of this Motion, TCA has not produced any of the Requested Documents, nor has the Committee heard from TCA regarding such production. TCA has not contacted the Committee with any production updates, and it has not requested any further extension of the Extended Production Deadline. In short, the Extended Production Deadline has passed and TCA has not shown any intent to comply with the 2004 Order.

10.       Throughout this case the Committee has worked with TCA in good faith to reach a consensual plan of reorganization for the debtor, and the Committee obliged without question to TCA's request for a three-week extension of the original Production Deadline. But instead of utilizing the Extended Production Deadline to compile and produce the Requested Documents, TCA has responded to the Committee's good faith efforts with a complete disregard of the production requests and the 2004 Order.

11.       It has now been over six weeks since the Committee filed its 2004 Motion and provided TCA with notice of the same. Not only did TCA agree to the original Production

Deadline, TCA was the party that proposed the Extended Production Deadline (*i.e.*, the extended deadline was not negotiated down by the Committee).  If TCA were not able to perform within that time frame, it would have surely requested additional time.  Moreover, the 2004 Order contemplates a "rolling production," meaning that the Requested Documents should have been produced as they were located by TCA.  In contrast to the Debtors, who have fully and timely complied with the Committee's 2004 Motion[2] and produced thousands of pages of documents, the Committee has not received a single Requested Document from TCA.  It therefore seems that TCA has no intent of complying with the 2004 Order.

12.     For the foregoing reasons, the Court should enter an order compelling TCA's compliance with the 2004 Order and requiring that TCA immediately produce all Requested Documents.

**WHEREFORE**, the Committee respectfully requests that the Court grant this Motion and enter an order (a) mandating TCA's compliance with all provisions of the 2004 Order, (b) requiring TCA to produce all Requested Documents within seven (7) days of the Court's entry of an order granting this Motion, and (c) granting the Committee such other and further relief to which it may be justly entitled.

---

[2] *Official Committee of Unsecured Creditors' Motion for Order Authorizing Examination of Debtors and Insiders and Affiliates Thereof Pursuant to Bankruptcy Rule 2004* [Dkt. #108].

Dated: January 8, 2020

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:     */s/ Joseph M. Coleman*
           Joseph M. Coleman
           State Bar No. 04566100
           John J. Kane
           State Bar No. 24066794
           S. Kyle Woodard
           State Bar No. 24102661

901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 777-4200 (Telephone)
(214) 777-4299 (Facsimile)
E-mail: jcoleman@krcl.com
E-mail: jkane@krcl.com
E-mail: kwoodard@krcl.com

***Counsel for the Official Committee of Unsecured Creditors***

### CERTIFICATE OF SERVICE

       I hereby certify that on January 8, 2020, a true and correct copy of the foregoing document was served (a) via the Court's electronic filing system (ECF) upon all parties receiving such service in this bankruptcy case; (b) via first-class U.S. mail on the attached Limited Master Service List dated January 2, 2020; and (c) via email and/or first-class U.S. mail on the following parties:

Joshua B. Lanphear
SHRAIBERG, LANDAU & PAGE, P.A.
2385 NW Executive Center Dr., Suite 300
Boca Raton, Florida 33431
Email: jlanphear@slp.law
**Attorneys for TCA**

                                                      */s/ Joseph M. Coleman*
                                                      Joseph M. Coleman