Marcus A. Helt (TX 24052187)
**FOLEY GARDERE**
Foley & Lardner LLP
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
Email: mhelt@foley.com

-and-

Jack G. Haake (*pro hac vice*)
**FOLEY & LARDNER LLP**
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 295-4085
Facsimile: (202) 672-5399
Email: jhaake@foley.com

*Counsel for the Debtors*
*and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | Chapter 11 |
| | § | |
| **ZENERGY BRANDS, INC.,** *et al.*,[1] | § | Case No. 19-42886 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**DEBTORS' FOURTH MOTION TO EXTEND THEIR EXCLUSIVE PERIODS**
**TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Zenergy Brands, Inc. (1686); NAUP Brokerage, LLC (7899); Zenergy Labs, LLC (8045); Zenergy Power & Gas, Inc. (1963); Enertrade Electric, LLC (8649); Zenergy & Associates, Inc. (4022); and Zen Technologies, Inc. (7309). The above-captioned Debtors' mailing address is 5700 Granite Pkwy, #200, Plano, TX 75024.

**21-DAY NEGATIVE NOTICE – LBR 9007(a)**

> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTC CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), file this fourth motion for an *Order Extending the Exclusive Periods During Which Only Debtors May File and Confirm a Plan* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

## I. PRELIMINARY STATEMENT

1. On October 24, 2019 (the "Petition Date"), the Debtors initiated the above-captioned chapter 11 cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Eastern District of Texas (the "Court"). On November 4, 2019, the United States Trustee appointed the Official Unsecured Creditors' Committee (the "Committee") in these cases. [Docket No. 69]. Since the appointment of the Committee, the Debtors have been working with the Committee and their senior secured lenders, TCA Global Credit Master Fund, L.P. ("TCA Global") and DIP lender, TCA Special Situations Credit Strategies ICAV (collectively, "TCA"), to structure a chapter 11 plan of reorganization or transaction that is acceptable to TCA, the Committee, and the Debtors.

2

2.      On March 16, 2020, the Debtors filed their Plan of Reorganization [Docket No. 193] (the "Plan"), and filed their Disclosure Statement (the "Disclosure Statement") [Docket No. 194] on March 17, 2020 and Plan Supplement on April 3, 2020 [Docket No. 208] (the "Plan Supplement"). On March 19, 2020, the Court entered the *Order (I) Conditionally Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan; and (III) Scheduling a Combined Hearing on Approval of the Disclosure Statement and Confirmation of Plan* (the "Disclosure Statement Order") [Docket No. 197]. TCA was contemplated as providing exit financing as part of the Plan.

3.      The Debtors solicited votes with the respect to the Plan and received a voting class overwhelmingly supporting the Plan. However, on May 11, 2020, the United States District Court for the Southern District of Florida entered an order appointing a receiver over TCA Global and certain related entities. The Debtors understand that the appointment of the receiver impacts TCA's ability to fulfill its obligations under the negotiated Plan.

4.      In light of this development, the Debtors have been negotiating with various third-parties to obtain funding for the Debtors. The Debtors have had a number of constructive discussions. In the past week, the Debtors have identified a third-party lender willing to lend to the Debtors and are working with the Debtors' management to structure a bankruptcy exit. The Debtors require additional time to finalize negotiations with the third-party lender and determine whether to pursue a plan or sale process. Accordingly, the Debtors seek to extend the exclusivity periods to conclude negotiations with the third-party lender.

5.      On February 19, 2020, the Court entered the *Order Extending the Debtors' Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 174] extending the Debtors' Exclusivity Periods through and including April 21, 2020 for filing a

4834-6380-1547.1

chapter 11 plan, and June 19, 2020 for soliciting votes on a chapter 11 plan, without prejudice to the Debtors' ability to further extend the Exclusivity Periods.

6. On May 7, 2020, the Court entered the *Second Order Extending the Debtors' Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 221] extending the Debtors' Exclusivity Periods through and including July 20, 2020 for filing a chapter 11 plan, and September 17, 2020 for soliciting votes on a chapter 11 plan, without prejudice to the Debtors' ability to further extend the Exclusivity Periods.

7. On August 8, 2020, the Court entered the *Third Order Extending the Debtors' Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 271] extending the Debtors' Exclusivity Periods through and including September 18, 2020 for filing a chapter 11 plan, and November 16, 2020 for soliciting votes on a chapter 11 plan, without prejudice to the Debtors' ability to further extend the Exclusivity Periods.

8. The Debtors seek a 60 day extension of the Exclusivity Periods (as defined herein) to file and solicit acceptances of either a value-maximizing chapter 11 plan or a sale process so.

9. Specifically, the Debtors seek a further extension of the Exclusivity Periods through November 17, 2020 for filing a chapter 11 plan, and January 15, 2021 for soliciting votes on a chapter 11 plan. As discussed above, the Debtors are negotiating funding with a third-party lender and determining, in consultation with the Committee and TCA, the most value-maximizing process for these Chapter 11 Cases. As it will take some time to conclude these negotiations and file the relevant motions, an extension is appropriate, will avoid further unnecessary motion practice, and will not prejudice any parties in interest.

4834-6380-1547.1

10. By this Motion, the Debtors seek a further extension to its exclusivity periods to ensure that the Debtors can conclude their negotiations and chart an exit from bankruptcy without distraction from the disruption caused by an alternative plan process.

11. Accordingly, given the facts and circumstances of these Chapter 11 Cases and the standards set forth by applicable law, the Debtors believe they meet the standard for the extension of the Exclusivity Periods requested herein and respectfully request that the Court grant the Motion.

## II. JURISDICTION AND VENUE

12. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157 (b). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested is sought pursuant to 11 U.S.C. § 1121 (d).

## III. RELIEF REQUESTED

13. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), extending: (a) the period during which the Debtors have the exclusive right to file a chapter 11 plan (the "Filing Exclusivity Period") through and including November 17, 2020; and (b) the deadline under which the Debtors have the exclusive right to solicit a plan filed during the Filing Exclusivity Period (the "Solicitation Exclusivity Period," and, with the

5

Filing Exclusivity Period, collectively, the "Exclusivity Periods") through and including January 15, 2021.

## IV. BACKGROUND

14. On the Petition Date, the Debtors initiated these Chapter 11 Cases in the Court, creating the bankruptcy estates (the "Estates") pursuant to section 541 of the Bankruptcy Code.

15. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee of official equity interest holders has been appointed in these Chapter 11 Cases.

16. Zenergy Brands, Inc. ("Zenergy Brands") is a next-generation energy and technology company engaged in the business of selling energy-conservation products and services to commercial, industrial, and municipal customers. Zenergy Brands is a business-to-business company, whose business platform is a combined offering of energy services and smart controls. Zenergy Brands offers a unique value proposition to commercial, industrial, and municipal customers whereby it offers a means to reduce their utility expenses anywhere from 20% up to 60% through energy-efficient and smartcontrol products and services. Zenergy Brands is a public company, fully reporting to the SEC and currently trading on the OTCQB. A more complete description of the Debtors' operations and history is set forth in the *Declaration of Joshua Campbell in Support of Chapter 11 Petitions and First-Day Motions*. [Docket No. 10].

## V. BASIS FOR THE RELIEF REQUESTED

17. The foremost goal of chapter 11 is to reorganize troubled businesses in a manner that, among other things, increases the pool of assets available for distribution to stakeholders. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527 (1984). To that end, Congress codified a number of interwoven provisions that reflect the ultimate goal of rehabilitation through a

6

considered and consensual chapter 11 plan, including a debtor's exclusive right to a fair amount of time in which only it may propose a plan. *See In re Perkins*, 71 B.R. 294, 297 (W.D. Tenn. 1987) (explaining that extensions of exclusivity periods further the purpose of chapter 11 by providing more time to negotiate a consensual plan "which would inure to the benefit of all."). At times, it is only by extended exclusivity that a debtor can bring all parties to the bargaining table in hopes of striking a balanced and successful plan.

### A.     The Court May Extend the Exclusivity Periods For "Cause."

18.     Pursuant to Bankruptcy Code section 1121(d) and upon a party's timely request, the Court may extend the Exclusivity Periods "for cause." *See* 11 U.S.C. § 1121(d). Although the statute does not define the precise circumstances constituting "cause," the legislative history of section 1121(d) does make clear that the initial 120-day period established by section 1121(b) merely represents a starting point from which the Court is free to extend more time. *See* H.R. Rep. No. 95-595, at 231, 232 (1978) (noting that Congress intended to give bankruptcy courts flexibility to protect debtors' interests by allowing an opportunity to negotiate settlements of debtors without interference from other parties in interest); *In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) ("Any bankruptcy court involved in an assessment of whether 'cause' exists should be mindful of the legislative goal behind § 1121.").

19.     A decision to extend the Exclusivity Periods is committed to the sound discretion of the bankruptcy court and should be based upon the unique facts and circumstances of each particular case. *See e.g., In re Mirant Corp.*, Case No. 04-CV-476-A, 2004 WL 2250986, at * 2-3 (N.D. Tex. Sept. 30, 2004) ("The bankruptcy court must balance the potential harm to creditors and limit the delay that makes creditors hostages of Chapter 11 debtors.") (citations omitted)); *In re Borders Group, Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in

extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005) (identifying the factors used by courts to determine whether cause exists to extend exclusivity); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003) (same); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (same).

20. In analyzing the meaning of "cause," courts usually consider the following nine factors:

    (i)     the size and complexity of the case;

    (ii)     the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    (iii)     the existence of good[-]faith progress toward reorganization;

    (iv)     the fact that the debtor is paying its bills as they become due;

    (v)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (vi)     whether the debtor has made progress in negotiations with its creditors;

    (vii)     the amount of time which has elapsed in the case;

    (viii)     whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    (ix)     whether an unresolved contingency exists.

*See, e.g. Adelphia Commc'ns*, 352 B.R. at 587; *see also Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (citing *In re Washington-St. Tammany Electric Co-op*, 97 B.R. 852, 853 (E.D. La. 1989); *see also In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry*

*Mayo Newhall Mem'l Hosp.)*, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002) (noting how the *Dow Corning/Adelphia* factors "are standardly considered" in the "cause" analysis).

21. A debtor does not need to show any number of the nine factors above to show "cause." *Express One Int'l, Inc.*, 194 B.R. at 100. Instead, courts examine all the factors together in the context of a particular case. *See id.; see also In re Texas Extrusion Corp.*, 844 F.2d 1142, 1160 (5th Cir. 1988) (discussing "cause" as it relates to § 1121(d) and the reduction of a debtor's exclusivity time period); *In re Amko Plastics, Inc.*, 197 B.R. 74, 76-77 (Bankr. S.D. Ohio 1996) (notwithstanding that the case was not large and complex, court still granted a five-month exclusivity extension because debtor exhibited substantial turn-around efforts). Consideration of an exclusivity motion should also involve "a broader, more global view – focused on what is best for these Chapter 11 Cases; most in keeping with the letter and spirit of chapter 11; and what is most appropriate under the unique facts" of the case before the court. *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 582 (Bankr. S.D.N.Y. 2006).

**B.    "Cause" Exists to Extend the Exclusivity Periods in These Chapter 11 Cases.**

22. Cause exists to grant the relief requested for a number of compelling reasons. First, factors outside of the Debtors' control have impacted the filed Plan and the Debtors' ability to confirm that Plan as it was originally envisioned. Specifically, a receiver was appointed over TCA Global, which impacts TCA's ability to provide exit financing contemplated under the Plan. The Debtors have been working diligently to assess alternatives, a task that has been complicated by significant disruption in the market due to precautionary measures to contain the spread of COVID-19.

23. Second, the Debtors have identified a third-party lender willing and able to finance the Debtors and the Debtors are still negotiating the terms of said financing. As the final terms of the financing will impact the Debtors' alternatives, it is essential that the Debtors have the ability

9

to conclude those negotiations without disruptions. Accordingly, cause exists to extend the exclusivity periods to allow the Debtors to conclude these negotiations.

24. The Debtors' purpose in seeking extension of the Exclusivity Periods is a good-faith effort to pursue a value-maximizing process for the Debtors' estates without the distraction and costs of a competing plan process, which would be a distraction and waste the Debtors' resources and time. Put differently, the relief requested in the Motion is not intended for the purpose of coercing or strong-arming any creditor but rather to benefit the stakeholders as a whole.

25. Finally, the relief requested will enable the Debtors to continue focusing on pursuing a value-maximizing process rather than spending time and money on a competing-plan process. The Debtors will continue to work diligently with their stakeholders to avoid unnecessary plan disputes.

[Signature on Following Page]

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) awarding the Debtors such other and further relief that this Court deems to be just and proper.

Dated: September 14, 2020

Respectfully Submitted,

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
**FOLEY GARDERE**
Foley & Lardner LLP
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000 / Fax: (214) 999-4667
Email: mhelt@foley.com

-and-

Jack G. Haake (*pro hac vice*)
**FOLEY & LARDNER LLP**
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 295-4085 / Fax: (202) 672-5399
Email: jhaake@foley.com

***Counsel for the Debtors and Debtors in Possession***

4834-6380-1547.1

# CERTIFICATE OF SERVICE

      I certify that, on September 14, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas.

                                                */s/ Marcus A. Helt*
                                                Marcus A. Helt