# EXHIBIT B

# ZENERGY BRANDS LIQUIDATION TRUST AGREEMENT

This ZENERGY BRANDS LIQUIDATION TRUST AGREEMENT (this "**Liquidation Trust Agreement**" or "**Agreement**") dated as of _____, 2020, by and among (a)(i) Zenergy Brands, Inc., (ii) Enertrade Electric, LLC, (iii) NAUP Brokerage, LLC, (iv) Zen Technologies, Inc., (v) Zenergy & Associates, Inc., (vi) Zenergy Labs, LLC, and (vii) Zenergy Power & Gas, Inc. (each a "**Debtor**" and collectively, the "**Debtors**"), on the one hand; and (b) Jason Rae, as trustee of the Liquidation Trust (defined below) (the "**Liquidation Trustee**" or "**Trustee**"), is executed in order to implement, in part, the *Debtors' Plan of Liquidation* dated November 19, 2020 [Docket No. 311][1] (as may be amended, modified, and/or supplemented, the "**Plan**").[2]

## RECITALS

**WHEREAS**, on October 24, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "**Bankruptcy Court**" or "**Court**"), thereby initiating the Debtors' chapter 11 bankruptcy cases, which are jointly administrated under the lead case of Zenergy Brands, Inc., Case No. 19-42886 (the "**Bankruptcy Case**" or "**Case**");

**WHEREAS**, on November 4, 2019, United States Trustee appointed an Official Unsecured Creditors' Committee (the "**Committee**") in the Bankruptcy Case pursuant to Bankruptcy Code § 1102(a)(1), as evidenced by the *Appointment of Official Unsecured Creditors' Committee* [Docket No. 69].

**WHEREAS**, on _____, 2018, the Bankruptcy Court entered an order confirming the Plan [Docket No. _____] (the "**Confirmation Order**");

**WHEREAS**, the Plan and Confirmation Order provide for the creation of a post-confirmation liquidation trust (as defined in the Plan, the "**Liquidation Trust**") in order to effectuate the finalization of the Debtors' wind down and make distributions pursuant to the terms of the Plan to the holders of Allowed Claims, which holders of Claims constitute the beneficiaries of the Liquidation Trust (collectively, and as defined in the Plan, the "**Liquidation Trust Beneficiaries**"), and take such other actions in accordance with the terms of this Liquidation Trust Agreement and the Plan;

**WHEREAS**, this Liquidation Trust Agreement is executed in order to establish the Liquidation Trust for purposes of implement the Plan;

**WHEREAS**, the Liquidation Trust is intended to qualify as a liquidating trust as set forth in Treasury Regulation §§ 301.7701-4(d) and to be treated as a "grantor trust" for federal income tax purposes;

---

[1] All docket references refer to pleadings filed in Case No. 19-42886 unless otherwise noted.

[2] All capitalized terms used but not otherwise defined in this Liquidation Trust Agreement shall have the meanings ascribed to them in the Plan.

**WHEREAS**, as more fully set forth in the Plan and this Liquidation Trust Agreement, the Liquidation Trust is established for the sole purpose of liquidating the Liquidation Trust Assets for the benefit of the Liquidation Trust Beneficiaries (including holders of Disputed Claims that become Allowed Claims) in accordance with Treasury Regulation §§ 301.7701-4(d), with no objective or authority to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the purpose of the Liquidation Trust; and

**WHEREAS**, the Liquidation Trustee shall operate and maintain the Liquidation Trust in compliance with the guideline for Liquidation Trusts as set forth in the applicable provisions of IRS Revenue Procedure 94-45, 1994-2 C.B. 684, Treasury Regulation §§ 301.7701-4(d), and all subsequent guidelines regarding liquidation trusts issued by the Internal Revenue Service, the U.S. Treasury Department, and other applicable legislative, administrative, regulatory, and judicial agencies and departments.

**NOW, THEREFORE**, in consideration of the premises, mutual covenants, and agreements contained herein and in the Plan, the parties hereto agree as follows:

## ARTICLE I
## ESTABLISHMENT OF THE LIQUIDATION TRUST

1.1     **Establishment of Liquidation Trust**.    Pursuant to the Plan, the Debtors, Committee, and the Liquidation Trustee hereby establish the Liquidation Trust for and on behalf of the Liquidation Trust Beneficiaries.  The Liquidation Trust shall otherwise be known as the "**Zenergy Brands Liquidation Trust**."  The Liquidation Trustee shall accept and hold the Liquidation Trust Assets (as defined in the Plan) in trust for the benefit of the Liquidation Trust Beneficiaries subject to the terms of this Liquidation Trust Agreement and the Plan.   The Liquidation Trust shall be established as a liquidating trust treated as a grantor trust within the meaning of Treasury Regulation §§ 301.7701-4(d) with no objective or authority to: (a) continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust; (b) accept an assignment of any claim or a defensive right of action from, or assume any liabilities of, any person or entity other than the Debtors; or (c) use or dispose of any part of the Liquidation Trust Assets or the proceeds, revenue, or income from the Liquidation Trust Assets by the Liquidation Trust in furtherance of any trade or business.

1.2     **Purpose of Liquidation Trust**.  The purposes of this Liquidation Trust shall be to, without limitation: (a) liquidate the Liquidation Trust Assets in a manner calculated to conserve, protect and reasonably maximize the value of the Liquidation Trust Assets, including without limitation the investigation and prosecution of the Actions conveyed to the Liquidation Trust under the Plan; (b) make Distributions (as defined below); and (c) otherwise perform duties and obligations as set forth in the Plan and this Liquidation Trust Agreement.  In the exercise of such purpose, in addition to the powers listed in Section 4.1 herein and as otherwise reasonably necessary to perform under the Plan, the Liquidation Trustee shall be authorized to, among other things and as further set forth herein: (i) act as the disbursing agent under the Plan with respect to all distributions to holders of Claims and Interests and make distributions to Liquidation Trust Beneficiaries required under the applicable provisions of the Plan; (ii) pursue any and all Causes of Action, including without limitation Retained Insurance Causes of Action, Avoidance Actions,

and any Actions for recovery under any insurance policy of the Debtors; (iii) object to and otherwise reconcile and resolve Claims; (iv) file all federal, state and local tax returns of the Liquidation Trust and furnish appropriate tax reporting information to the Liquidation Trust Beneficiaries; (v) represent the Liquidation Trust before the Bankruptcy Court or other courts of competent jurisdiction with respect to matters concerning the Liquidation Trust and Liquidation Trust Assets; (vi) stand in the Debtors' shoes as the beneficiary under any insurance policy of the Debtors and collect all proceeds and recoveries thereunder for the Liquidation Trust; and (vii) otherwise take any and all actions necessary or appropriate under the Plan.  Pursuant to these express purposes and subject to the provisions of <u>Article IV</u> of this Liquidation Trust Agreement, the Liquidation Trustee is hereby authorized and directed (a) to take all reasonable and necessary actions to hold, conserve, protect, and reasonably maximize the Liquidation Trust Assets; (b) to collect upon, sell, or otherwise liquidate or dispose of the Liquidation Trust Assets; and (c) to distribute the Liquidation Trust Assets to the Liquidation Trust Beneficiaries in accordance with the provisions of the Plan and this Liquidation Trust Agreement; *provided, however*, that the investment powers of the Liquidation Trustee, other than those reasonably necessary to maintain the value of the Liquidation Trust Assets and to further the liquidating purpose of the Liquidation Trust, shall be limited as set forth in <u>Article IV</u> of this Liquidation Trust Agreement.

1.3     **No Additional Beneficiaries**.  The Liquidation Trust shall be solely for the benefit of the Liquidation Trust Beneficiaries.  From and after the Effective Date, any holder of a Disputed Claim (as defined and set forth in the Plan) will be deemed to be a Liquidation Trust Beneficiary as of the Effective Date or the date that such Disputed Claim becomes an Allowed Claim, whichever occurs later.

1.4     <u>**Transfer of Liquidation Trust Assets and Rights to the Liquidation Trust**</u>.

(a)     As of the Effective Date and pursuant to the Plan, the Debtors hereby convey, transfer, assign and deliver to the Liquidation Trust all of their right, title, ownership, and interest in the Liquidation Trust Assets, which includes, without limitation: (i) the Residual MESAs; (ii) any and all of the Debtors' or the Estates' Causes of Action, Avoidance Actions, Retained Insurance Causes of Action, and all insurance coverages and insurance proceeds related thereto (including without limitation coverages and/or proceeds under D&O Liability Insurance Policies); (iii) $10,000 Cash to be funded by Eco Investments at Confirmation in addition to the Additional Funds; (iv) any Remaining Assets not limited in (i) through (iii); and (v) all rights and remedies related to any of the foregoing, free and clear of any and all liens, claims, encumbrances and interests (legal, beneficial, or otherwise) except as otherwise expressly provided in the Plan or Confirmation Order.  The Liquidation Trust Assets shall be conveyed to the Liquidation Trust subject to and without waiving, limiting or otherwise inhibiting any of the Debtors' rights, privileges and protections with respect to the Liquidation Trust Assets, including attorney-client privilege and the protections afforded by the work-product doctrine, common interest privilege and any similar privileges, protections, immunities or other rights to retain or withhold information, documents, communications or otherwise, such that the Liquidation Trustee shall be able to invoke all such rights, privileges and protections possessed by the Debtors and relating to any of the Liquidation Trust Assets and no parties shall be entitled to discovery or otherwise obtain information, statements, documents, or communications from the Liquidation Trust that they could not have obtained from the Debtors.

(b)     On the Effective Date or as soon as practicable thereafter, the Debtors shall deliver or cause to be delivered to the Liquidation Trustee, or shall provide the Liquidation Trustee with reasonable access to, any books and records concerning, among other things, Liquidation Trust Assets.

(c)     The Debtors and Liquidation Trustee (on behalf of the Liquidation Trust), may (i) execute and deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed) and (ii) take, or cause to be taken, all such further action in order to evidence, vest, perfect, or effectuate the transfer of the Liquidation Trust Assets to the Liquidation Trust and to consummate transactions contemplated by, and to otherwise carry out the intent of, this Liquidation Trust and the Plan.

1.5     **Instruments of Further Assurance; Information**.  The Debtors and such other Persons as shall have the right and power as of and after the Effective Date, upon reasonable request of the Liquidation Trustee or its successors or assigns, shall execute, acknowledge and deliver such further instruments, documents, books and records and take, or cause to be taken, all such further actions as may be necessary or proper to effectively carry out the purposes of this Liquidation Trust Agreement and the Plan and to otherwise carry out the intent of the parties hereunder and under the Plan.

1.6     **Title to Liquidation Trust Assets**.  On the Effective Date, the Liquidation Trust Assets shall be vested in and transferred to the Liquidation Trust pursuant to the Plan and Confirmation Order for the benefit of the Liquidation Trust Beneficiaries.  As of the Effective Date, the Liquidation Trust shall hold legal title to all Liquidation Trust Assets and will succeed to all of the Debtors' right, title and interest in the Liquidation Trust Assets and the Debtors will have no further interest in or with respect to the Liquidation Trust Assets or the Liquidation Trust, except as expressly provided in the Plan or Confirmation Order.  The Liquidation Trustee hereby declares that it shall hold the Liquidation Trust Assets in trust to be administered and disposed of pursuant to the terms of this Liquidation Trust Agreement and the Plan for the benefit of the Liquidation Trust Beneficiaries.

1.7     **Reliance**.  The Liquidation Trustee may rely upon the Schedules filed in each Debtors' bankruptcy case and all other information provided by the Debtors or their representatives concerning Claims against the Debtors, and their reconciliation and documents supporting such reconciliation.

1.8     **Governance of the Liquidation Trust**.  The Liquidation Trust shall be governed by the Liquidation Trustee subject to the provisions of this Liquidation Trust Agreement, the Plan, the Confirmation Order, and applicable law.  The Liquidation Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purposes of this Liquidation Trust Agreement and not otherwise, except that the Liquidation Trustee may deal with the Liquidation Trust Assets in its trustee capacity as provided in this Liquidation Trust Agreement. Subject to the terms and conditions of this Liquidation Trust Agreement, the Liquidation Trustee may delegate responsibility for discrete issues or decisions to one or more third parties, subject to continued oversight by the Liquidation Trustee.

1.9     **Appointment of the Liquidation Trustee**.  As of the date hereof, the Liquidation Trustee shall be **Jason Rae**.  The Liquidation Trustee accepts the trust imposed on it by this Liquidation Trust Agreement and agrees to observe and perform that trust on and subject to the terms and conditions set forth in this Liquidation Trust Agreement.  The Liquidation Trustee is the duly appointed and acting representative of the Liquidation Trust Beneficiaries with respect to the Liquidation Trust Assets, and, as such, the Liquidation Trustee succeeds to all of the rights and powers of the Debtors and the Liquidation Trust Beneficiaries.  To the extent that any Cause of Action cannot be transferred to the Liquidation Trust because of a restriction on transferability under applicable law, such Liquidation Trust Asset shall be deemed to have been retained by the Debtors and Liquidation Trust Beneficiaries, and the Liquidation Trustee shall be deemed to have been designated as a representative of the Debtors, their Estates, and the Liquidation Trust Beneficiaries pursuant to Bankruptcy Code § 1123(b)(3)(B) to enforce and prosecute such Cause of Action on behalf of the Debtors, their Estates, and the Liquidation Trust Beneficiaries.  Notwithstanding the foregoing, all net proceeds shall be paid to the Liquidation Trust and distributed in accordance with the Plan and this Liquidation Trust Agreement to Liquidation Trust Beneficiaries.  Confirmation of the Plan shall constitute the Bankruptcy Court's approval of **Jason Rae** as the Liquidation Trustee.

1.10    **Bonding of Liquidation Trustee**.  The Liquidation Trustee will not be obligated to obtain any other bond or insurance, but may do so in its sole discretion, in which case the expense incurred by such bonding will be paid by the Liquidation Trust.

1.11    **Liquidation Trust Interests; Securities Laws; Transferability**.

(a)     Beneficial interests in the Liquidation Trust (as defined in the Plan, the "**Liquidation Trust Interests**") shall be held by the Liquidation Trust Beneficiaries.  The Liquidation Trustee shall maintain a register of the names, addresses, and Allowed Claim amounts applicable to each of the Liquidation Trust Beneficiaries based upon the provisions of the Plan which designate the Persons who are entitled to receive Distributions upon Allowed Claims.

(b)     Under § 1145 of the Bankruptcy Code, any issuance of Liquidation Trust Interests to the Liquidation Trust Beneficiaries under the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and all applicable state and local laws requiring registration of securities.  If the Liquidation Trustee determines, with the advice of counsel, that the Liquidation Trust is required to comply with the registration and reporting requirements of the Securities and Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Liquidation Trustee shall take any and all actions to comply with such reporting requirements and file necessary periodic reports with the Securities and Exchange Commission.

(c)     The Liquidation Trust Interests shall be "uncertificated" and "non-transferrable" and may not be transferred, sold, pledged or otherwise disposed of, or offered for sale except for: (i) transfers by operation of law; (ii) the sale of the equity interests of or substantially all assets of a Liquidation Trust Beneficiary; or (iii) after written notice to the Liquidation Trustee delivered via U.S. mail or reputable overnight carrier (and email), filing notice of the transfer via electronic filing in the Bankruptcy Case and otherwise complying with applicable Bankruptcy Rules.

## ARTICLE II
## DURATION AND TERMINATION OF LIQUIDATION TRUST

2.1   **Duration**.  The Liquidation Trust shall continue to exist until the earlier of: (a) the second (2nd) year anniversary of the Effective Date (as such date may be extended by Order of the Bankruptcy Court); and (b) the time the Liquidation Trustee has (i) administered all Liquidation Trust Assets and made a final distribution to holders of Allowed Class 5 Claims in accordance with the terms of the Plan, Confirmation Order, and this Liquidation Trust Agreement and (ii) performed all other duties required by the Plan, Confirmation Order, and this Liquidation Trust Agreement (the "**Liquidation Trust Termination Date**").  Multiple extensions of the Liquidation Trust Termination Date may be obtained so long as Court approval is obtained prior to the expiration of each extended term.  As soon as reasonably practicable after the final Distribution, the Liquidation Trustee shall dissolve the Liquidation Trust pursuant to this Liquidation Trust Agreement.  Upon dissolution, the Liquidation Trustee's duties under the Liquidation Trust Agreement and the Plan shall terminate and the Liquidation Trustee shall be discharged.

2.2   **Continuance of Liquidation Trust for Winding Up**.  After the termination of the Liquidation Trust and for the purpose of liquidating and winding up the affairs of the Liquidation Trust, the Liquidation Trustee shall continue to act as such until all of the Liquidation Trustee's duties under the Plan and this Liquidation Trust Agreement have been fully performed.  Upon distribution of all of the Liquidation Trust Assets, or the proceeds thereof, the Liquidation Trustee shall hold the books, records and files delivered to or created by the Liquidation Trustee for a period of three (3) years after the final Distribution is made.  All costs and expenses associated with the storage of such documents shall be paid by the Liquidation Trust.  At the Liquidation Trustee's discretion, all such records and documents may be destroyed at any time after three (3) years from the distribution of all of the Liquidation Trust Assets.  Except as otherwise specifically provided herein, upon the distribution of all of the Liquidation Trust Assets, the Liquidation Trustee shall have no further duties or obligations hereunder except (a) to account and report as provided in the Plan and this Liquidation Trust Agreement and (b) to perform such other acts as may be required by law.

2.3   **Final Accounting**.  Upon termination of the Liquidation Trust, Liquidation Trustee shall file an accounting with the Bankruptcy Court setting forth (a) the amount he has collected and disbursed and (b) the fees and expenses incurred in administering the Liquidation Trust, including the fees and expenses incurred by the Liquidation Trustee and any attorneys, accountants, advisors, or other professionals employed by the Liquidating Trustee or Liquidating Trust (collectively, "**Professionals**").  The Liquidation Trustee shall seek, on twenty-one (21) days negative notice to the Designated Notice (as defined below) parties, the issuance and entry of any orders necessary (if any) to approve such accounting and discharge the Liquidation Trustee from further responsibilities together with any and all liability for acting as Liquidation Trustee under the Plan and this Liquidation Trust Agreement.  The Liquidation Trust's Professionals shall be required to maintain accurate time and expense records.

## ARTICLE III
## ADMINISTRATION OF TRUST ESTATE

3.1   **Disbursement to Liquidation Trust Beneficiaries**.  The Liquidation Trustee shall step into the shoes of the Debtors under the Plan when making Distributions pursuant to this Liquidation Trust Agreement, and the Liquidation Trustee shall disburse funds to the Liquidation Trust Beneficiaries (each a "**Distribution**") in accordance with the Plan and the following terms and conditions:

(a)   Any payments to be made by the Liquidation Trust to the Liquidation Trust Beneficiaries shall be made only from the Liquidation Trust Assets to the extent that the Liquidation Trust, in the Liquidation Trustee's sole discretion, has sufficient Liquidation Trust Assets to make such payments in accordance with the terms of this Section 3.1.  The Liquidation Trustee has no duty to make any Distributions if the Liquidation Trustee, in its discretion, believes that making such Distributions may render the Liquidation Trust unable to satisfy obligations that are payable (or that may become payable) from the Liquidation Trust Assets, including without limitation fees and expenses of the Liquidation Trustee or its Professionals.  The Liquidation Trust Beneficiaries shall look solely to Liquidation Trust Assets for any Distributions provided under the Plan or the Liquidation Trust Agreement.

(b)   Subject to this Section 3.1 and Sections 3.2 and 4.3 of the Liquidation Trust Agreement: (i) the Liquidation Trustee shall make Distributions in accordance with the Plan (and this Liquidation Trust Agreement) until all Liquidation Trust Assets have been exhausted; and (ii) Distributions shall be made on dates deemed appropriate in the Liquidation Trustee's sole discretion (each such date a "**Distribution Date**" as defined in the Plan).

(c)   Undeliverable Distributions shall be treated in accordance with Section 9.03 of the Plan.  Notwithstanding the foregoing, the Liquidation Trustee may, but is not obligated to, take additional steps to find correct addresses applicable to undeliverable Distributions.

(d)   The Liquidation Trustee may withhold from a Distribution to any Person any and all amounts, determined in the Liquidation Trustee's reasonable discretion, required by any law, regulation, rule, ruling, directive, or other governmental requirement (including, without limitation, tax withholding relating to wage claims).

(e)   Upon resolution of a Disputed Claim, any Distributions reserved in an amount greater than that required to be distributed as a result of the order or other agreement allowing or disallowing such Disputed Claim shall become available for distribution in accordance with the terms of the Plan and this Liquidation Trust Agreement.

(f)   The Liquidation Trustee may require any Liquidation Trust Beneficiary entitled to a Distribution from the Liquidation Trust to furnish to the Liquidation Trustee such Person's Employer Identification Number or Federal Tax Identification Number as assigned by the IRS and the Liquidation Trustee may condition any Distribution to such Person upon receipt of such identification number and upon receipt of a properly executed W-9 form.  If a Liquidation Trust Beneficiary entitled to a Distribution from the Liquidation Trust fails to furnish an Employer Identification Number, Federal Tax Identification Number, or a W-9, the Liquidation Trustee may,

at its discretion, require the submission of alternative forms or information prior to any Distribution, or may withhold some or all of the Distribution to the Liquidation Trust Beneficiary as surety against potential liability or loss stemming from the Liquidation Trust Beneficiary's failure to provide all requested information and documentation.

(g)     All checks shall be transmitted by reputable overnight courier service, same day courier service, or United States Postal Service–First Class Mail, postage prepaid and addressed to the payee at such payee's address determined as set forth herein.

3.2     **De Minimis Distributions**.  The Liquidation Trustee shall not have a duty to make a Distribution on account of a Liquidation Trust Beneficiary if the amount to be distributed to the holder of such Allowed Claim on the Effective Date or that particular Distribution Date, as the case may be, on account of such Allowed Claim is less than $25.00, in which case the distribution applicable to that holder shall be held pending the next Distribution Date.

3.3     **Objection Process**.  Subject to the limitations provided in the Plan, the Liquidation Trustee, on behalf of the Liquidation Trust, shall have the right to object to the allowance of any Claims or Interests in accordance with Section 9.05 of the Plan.

3.4     **Disputed Claims Reserve**.

(a)     The Liquidation Trustee shall establish a Disputed Claims Reserve for the treatment of Disputed Claims.  The Disputed Claims Reserve shall be either held in a separate bank account from all other funds held by the Liquidation Trust/Liquidation Trustee or created by book entry in the Liquidation Trustee's accounting records.  The Liquidation Trustee shall deposit into or account for a Disputed Claims Reserve an amount sufficient, in the reasonable discretion of the Liquidation Trustee, to satisfy amounts that are or are expected to become due and owing by the Liquidation Trust including, without limitation, amounts that may become payable on account of Disputed Claims.  Those amounts deposited into or accounted for in the Disputed Claims Reserve shall be held for the benefit of the holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan and applicable law.  Once such a Disputed Claim is determined by Final Order or settlement to be an Allowed Claim, the Liquidation Trustee shall pay the holder of the Claim such amount so as to equalize it to the Distributions received by holders of other Allowed Claims without further approval from or notice to any person or entity.

(b)     The Liquidation Trustee shall have discretion, but is not required, to establish a reserve for expenses associated with the Disputed Claims Reserve (an "**Expense Reserve**") and to withhold any such additional funds that the Liquidation Trustee believes appropriate for future expenses, Professional fees and expenses, or Professional Fee Claims (including the Liquidation Trustee and its Professionals' future fees and expenses and/or Professional Fee Claims) and such other amounts as appropriate.  Except as otherwise ordered by the Court, the amount of any reasonable expenses incurred by the Liquidation Trustee on or after the Effective Date with respect to the Disputed Claims Reserve shall be paid by the Liquidation Trust from the Liquidation Trust Assets.

3.5     **Distribution Record Date**.  The record date for Distributions to Liquidation Trust Beneficiaries shall be the Plan's Effective Date (the "**Distribution Record Date**").  For purposes of Distributions, the Liquidation Trustee will rely on the Claims set forth on the claims register applicable to each Debtor's bankruptcy case, except to the extent a notice of transfer of Claim or Interest has been filed with the Court prior to the Distribution Record Date pursuant to Bankruptcy Rule 3001 and Section 1.11(c) of this Liquidation Trust Agreement.

3.6     **Delivery of Distributions to Liquidation Trust Beneficiaries**.   Subject to Bankruptcy Rule 9010, Distributions to Liquidation Trust Beneficiaries who are holders of Allowed Claims will be made at any of the following addresses, in the Liquidation Trustee's sole discretion: (a) the payment address of each such Liquidation Trust Beneficiary as set forth on the Proofs of Claim filed by such beneficiary; (b) the Ballot submitted by such Liquidation Trust Beneficiary; or (c) the Debtors' Schedules, as the case may be, or at the last known address of such beneficiary if no proof of claim is filed, unless the Liquidation Trust Beneficiary has both (i) notified the Liquidation Trustee in writing of a change of address and (ii) filed such change of address with the Clerk of Court applicable to the Bankruptcy Case *and* served such change of address upon the Liquidation Trustee.  If any holder's Distribution is returned as undeliverable or is otherwise unclaimed, it will be treated in accordance this Liquidation Trust Agreement and Section 9.03 of the Plan.

3.7     **Reports**.

(a)     The Liquidation Trustee shall maintain good and sufficient books and records of account relating to the Liquidation Trust Assets, the management thereof, all transactions undertaken by the Liquidation Trustee on behalf of the Liquidation Trust, all expenses incurred by or on behalf of the Liquidation Trust, and all Distributions either provided for or effectuated under the Plan or this Liquidation Trust Agreement.

(b)     Periodically, and as shall be determined appropriate by the Liquidation Trustee, the Liquidation Trustee may file a report with the Bankruptcy Court setting forth the assets, liabilities, and activities of the Liquidation Trust since the Effective Date or since filing its last report, as the case may be, including a statement of amounts paid to Professionals (including the Liquidation Trustee).

(c)     All reports filed with the Court by the Liquidation Trustee, whether pursuant to the Plan, the Confirmation Order, this Liquidation Trust Agreement, or the United States Trustee's Guidelines, shall be served solely through the Bankruptcy Court's Case Management and Electronic Case Filing system.

(d)     The fiscal year of the Liquidation Trust shall end on December 31 of each year unless some other fiscal year-end date is required by applicable law and is permissible under the Internal Revenue Code.

## ARTICLE IV
## POWERS OF AND LIMITATIONS ON THE LIQUIDATION TRUSTEE

4.1 **General Powers of Liquidation Trustee**.  Subject to any limitations expressly and specifically set forth in the Plan, the Confirmation Order, or this Liquidation Trust Agreement, the Liquidation Trustee, on behalf of the Liquidation Trust, shall have all of the rights, powers, and privileges set forth in the Plan, the Confirmation Order, and this Liquidation Trust Agreement. The Liquidation Trustee may take all such actions as it deems necessary and appropriate to effectuate the purposes of the Plan, including but not limited to the following:

(a)   Make all Distributions contemplated under the Plan;

(b)   Enter into any agreement on behalf of the Liquidation Trust required by or consistent with the Plan and perform all of the obligations required of the Liquidation Trustee under the Liquidation Trust Agreement or the Plan;

(c)   Abandon any assets of the Liquidation Trust if the Liquidation Trustee concludes that such assets are of no material benefit to the Liquidation Trustee Beneficiaries;

(d)   Participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party, intervenor or otherwise in any legal proceeding, administrative proceeding or other non-judicial proceeding and litigate Claims, Causes of Action, counterclaims, defend the Liquidation Trust or otherwise act in any judicial proceeding on behalf of the Liquidation Trust, including without limitation all state and federal causes of action or any other litigation which constitute a Liquidation Trust Asset or otherwise benefits the Creditors and pursue to settlement or judgment such actions.  The Liquidation Trustee shall have standing and may engage Professionals to prosecute Causes of Action, including without limitation Avoidance Actions and Retained Insurance Causes of Action, and otherwise represent the Liquidation Trust generally;

(e)   Participate as a party-in-interest in any proceeding before the Bankruptcy Court involving the Bankruptcy Case;

(f)   Act in the name of or in the place of the Liquidation Trust or the Debtors in any action before the Bankruptcy Court or any other judicial or administrative body;

(g)   Take actions and exercise remedies against any entity or Person that owes money to or has breached the rights of the Debtors, the Estates, or  the Liquidation Trust, including the remedies available under any deed of trust, security agreement, contract, promissory note, bond, guarantee, other legal or equitable right or other instrument or document; make compromises regarding any deed of trust, security agreement, promissory note, bond, guarantee, other legal or equitable right or other instrument or document; and, declare, negotiate or waive defaults regarding any deed of trust, security agreement, promissory note, bond, guarantee, other legal or equitable right or other instrument or document;

(h)   Reach an agreement with the Debtors, their former employees, or their counsel to take specific action on behalf of the Liquidation Trust or the Debtors;

8075372 v3 (72278.00002.000)
4813-8633-5700.1

(i)      Select and employ such Professionals, consultants, agents or employees, whether or not formerly employed or engaged by the Debtors, as the Liquidation Trustee deems necessary to assist in the administration of the affairs of the Liquidation Trust and compensate such persons to whom the Liquidation Trustee may delegate actions, including (a) executing tax returns, corporate dissolution instruments or other documents on behalf of Debtors after the Effective Date, and (b) assisting the Liquidation Trustee with, without limitation, Claim objections or supporting  Avoidance Claims or other Causes of Action;

(j)      Propose, and if appropriate, take steps to obtain Bankruptcy Court approval, of any amendment, modification or supplement to the Plan or this Liquidation Trust Agreement;

(k)      File dissolution/termination documents with the appropriate governmental agencies to dissolve Debtors;

(l)      Receive, conserve and manage the Liquidation Trust Assets and sell, pursuant to Bankruptcy Code §§ 363(f) and 1123(a)(5) and the Plan, or otherwise dispose of such assets for a price and upon such terms and conditions as the Liquidation Trustee deems most beneficial to the Liquidation Trust Beneficiaries and execute such deeds, bills of sale, assignments and other instruments in connection therewith;

(m)      Open and maintain bank accounts on behalf of or in the name of the Liquidation Trust;

(n)      Pay all taxes, make all tax withholdings and file tax returns and tax information returns and make tax elections by and on behalf of the Liquidation Trust;

(o)      Pay all lawful expenses, debts, and liabilities of the Liquidation Trust;

(p)      Enforce all provisions of the Plan, Confirmation Order, and this Liquidation Trust Agreement;

(q)      Protect, perfect and defend the title to any of the Liquidation Trust Assets and enforce any bonds, mortgages or other obligations or liens owned by the Liquidation Trust;

(r)      Carry insurance coverage, including a defalcation bond or other insurance to protect the Liquidation Trust and the Liquidation Trustee against claims brought against the Liquidation Trust, and the Liquidation Trustee, acting within such capacities, in amounts as the Liquidation Trustee deems advisable.  Notwithstanding the above, the Liquidation Trustee shall be under no obligation to obtain or carry such insurance, except a defalcation bond;

(s)      Establish such reserves for taxes, assessments and other expenses of administration of the Liquidation Trust (including without limitation the Disputed Claims Reserve and the Liquidation Trust Expense Reserve) as in the Liquidation Trustee's judgment may be necessary and appropriate for the proper operation of matters incident to the affairs of the Liquidation Trust;

(t)      Pursue claims or Causes of Action (including without limitation Retained Insurance Causes of Action) under any of the Debtors' current or past insurance policies, in

accordance with the terms of such policy (including without limitation D&O Liability Insurance Policies), against the applicable insurance carrier (including without limitation D&O Insurance Carriers) and any other parties not released pursuant to the terms of the Plan or Confirmation Order;

(u)    Stand in the Debtors' shoes with respect to, and have standing to pursue, all claims and Causes of Action (including without limitation Avoidance Actions and Retained Insurance Causes of Action) and collect all proceeds of any such Causes of Action on behalf of the Liquidation Trust, including without limitation proceeds of any insurance policy;

(v)    Stand in the Debtors' shoes as the beneficiary of all applicable insurance policies of the Debtors; and

(w)    Exercise such other powers and duties as are necessary or appropriate in the Liquidation Trustee's discretion to accomplish the purposes of the Plan;

4.2    **Obligations of the Liquidation Trustee**.  Subject to the Plan and this Liquidation Trust Agreement, the Liquidation Trustee shall have the following duties:

(a)    Prepare and file reports with the Bankruptcy Court as required by the Plan, the Confirmation Order, this Liquidation Trust Agreement, or the United States Trustee's Guidelines.  In addition, the Liquidation Trustee may, in its discretion and as it deems appropriate, prepare and file periodic reports providing information regarding the administration of the Liquidation Trust;

(b)    Maintain records and books of account relating to the Liquidation Trust's assets, the management thereof, Distributions and all transactions undertaken by the Liquidation Trustee on behalf of the Liquidation Trust;

(c)    Open, maintain, and close, as appropriate, bank accounts in the name of the Liquidation Trust and deposit any Cash in accounts, as it deems appropriate.  Interest earned, if any, shall be added to the Liquidation Trust Assets and distributed in accordance with the Plan. The Liquidation Trustee shall be authorized, but not obligated, to continue to use any bank accounts used by Debtors prior to the Effective Date.  The Liquidation Trustee shall not be obligated to deposit Cash Assets of the Liquidation Trust into an interest-bearing bank account;

(d)    Establish and maintain the Disputed Claims Reserve;

(e)    File all reports and appropriate tax returns as necessary;

(f)    Take such actions as are necessary to prosecute, determine not to prosecute, resolve or compromise, as appropriate, all Causes of Action;

(g)    Conduct investigations deemed appropriate by the Liquidation Trustee, including, if deemed appropriate, examinations under Bankruptcy Rule 2004; and

(h)    Conduct the administration of the Bankruptcy Case and the Plan, including to obtain a Final Decree and to pay any fees incurred by the Estates pursuant to 28 U.S.C. § 1930.

4.3     **Limitations on Liquidation Trustee**.  The Liquidation Trustee shall carry out the purposes of the Liquidation Trust and the directives contained herein, and shall not at any time, on behalf of the Liquidation Trust or the Liquidation Trust Beneficiaries: (a) enter into or engage in any business; or (b) assume any liabilities of any person or entity other than the Debtors; or (c) use any of the Liquidation Trust Assets or the proceeds, revenue or income therefrom in furtherance of any business other than as contemplated by the Plan.  Further, the Liquidation Trustee shall not make a Distribution to the Liquidation Trust Beneficiaries if to do so is not cost-beneficial (*i.e.*, amount of funds to distribute in comparison to the costs of such distribution), or is otherwise, in the Liquidation Trustee's sole discretion, imprudent at a particular time.  This limitation shall apply irrespective of whether the conduct of any such business activities is deemed by the Liquidation Trustee to be necessary or proper for the conservation and protection of the Liquidation Trust.  The Liquidation Trustee shall make continuing efforts to liquidate the Liquidation Trust Assets, make timely Distributions, and not unduly prolong the duration of the Liquidation Trust.   The Liquidation Trustee may not hold a controlling interest in the stock of, or be a partner, an officer or a director of any of the Liquidation Trust Beneficiaries.

4.4     **Investment Power**.  The investment power of the Liquidation Trustee, other than what is reasonably necessary to maintain the value of the Liquidation Trust Assets and to further the liquidating purpose of the Liquidation Trust, shall be limited to the power to invest: (a) in demand and time deposits, such as short-term certificates of deposit; (b) by deposits in banks or other savings institutions; or (c) in other temporary, liquid investments such as Treasury bills. Once such funds are so invested or deposited, the Liquidation Trustee may sell or otherwise liquidate the investment, from time to time, as such funds are (i) reasonably needed to pay expenses incurred pursuant to this Liquidation Trust Agreement, (ii) reasonably necessary for reserves, or (iii) to be distributed pursuant to the Plan or this Liquidation Trust Agreement; *provided, however*, that the Liquidation Trustee may liquidate such investments if the Liquidation Trustee determines in its discretion that such liquidating is necessary to protect the Liquidation Trust from loss on the amounts invested.  The Liquidation Trustee shall be restricted to the holding and collection of the Liquidation Trust Assets and the payment and distribution thereof for the purposes set forth herein and in the Plan and to the conservation and protection of the Liquidation Trust Assets and to the administration thereof in accordance with the provisions of this Liquidation Trust Agreement.  The Liquidation Trustee shall keep all Liquidation Trust Assets segregated from and shall not commingle any Liquidation Trust Assets with any assets of any other Person, including any of the Liquidation Trustee's own assets.  Notwithstanding the foregoing, the Liquidation Trustee shall not be obligated to invest funds in an interest bearing instrument or account or otherwise seek a return of any amount on monies constituting Liquidated Trust Assets.

4.5     **Liquidation Trustee Settlement Authority**.   Upon the Effective Date, the Liquidation Trustee shall have the authority to compromise and settle, or otherwise resolve, discontinue, abandon, or dismiss any or all Claims and/or Causes of Action as follows: (a) if the asserted or face value of a Claim or Cause of Action is less than $75,000, the Liquidation Trustee may settle, resolve, dismiss, or otherwise dispose of the claims or cause of action with no further order or approval of the Court; and (b) if the asserted or face value of a claim or cause of action is equal to or greater than $75,000, the Liquidation Trustee may settle, resolve, or dismiss, or otherwise dispose of the claim or cause of action following the filing of a notice with the Court of the proposed disposition, and if no person files an objection to the proposed disposition within 14 days of filing and service of the notice, the Liquidation Trustee may so dispose of the Claim or

Cause of Action, but if a Person does timely file an objection and the objection is not resolved, the matter shall be set for hearing and resolved by order of the Court.

4.6 **Additional Powers of Liquidation Trustee**. Subject to the express limitations contained herein or the Plan, the Liquidation Trustee shall have, and may exercise with respect to the Liquidation Trust Assets, or any part thereof, and to the administration and distribution of the Liquidation Trust Assets, all powers now or hereafter conferred on trustees by the laws of the State of Texas.  The powers conferred by this Section 4.6 in no way limit any power conferred on the Liquidation Trustee by any other section hereof or in the Plan, but shall be in addition thereto; *provided, however*, that the powers conferred by this Section 4.6 are conferred and may be exercised only and solely within the limitations and for the limited purposes imposed and expressed in the Plan and in this Liquidation Trust Agreement.

4.7 **Tax and Reporting Duties of the Liquidation Trustee**. The Liquidation Trustee, in its capacity as trustee of the Liquidation Trust, shall be responsible for all tax and other matters as set forth in Article V of this Liquidation Trust Agreement.

4.8 **Establishment and Maintenance of Accounts and Reserves**. On the Effective Date, or as soon thereafter as practicable, the Liquidation Trustee shall establish the following accounts and reserves (which, notwithstanding anything to the contrary contained in this Liquidation Trust Agreement, may be effectuated by either establishing actual segregated physical accounts or establishing book entry accounts, in the sole discretion of the Liquidation Trustee):

(a) **General Account**.  One or more general accounts (collectively, the "**General Account**"): (i) into which shall be deposited all funds not required or permitted to be deposited into any other account or reserve described in or contemplated by this Liquidation Trust Agreement and all proceeds received on account of the transfer, sale, assignment or other disposition of Liquidation Trust Assets; and (ii) from which shall be made all Distributions to Liquidation Trust Beneficiaries.

(b) **Disputed Claim Reserve**.  An account designated as a "Disputed Claim Reserve," as described more fully in Section 3.4 of this Liquidation Trust Agreement and Section 9.04 of the Plan.

(c) **Subsequent Establishment of Accounts and Reserves**.  On or after the Effective Date, the Liquidation Trustee: (i) shall establish and maintain such additional accounts and reserves as may be required by applicable law or by order of the Bankruptcy Court; and (ii) may establish and maintain such additional accounts and reserves as it deems necessary or desirable to carry out the provisions of the Plan and this Liquidation Trust Agreement.

## ARTICLE V
## TAX MATTERS

5.1 **Treatment of Liquidation Trust for Federal Income Tax Purposes; No Successor-In-Interest**.  The Liquidation Trust will be established in accordance with Treasury Regulation § 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust.  Accordingly, the Liquidation Trustee will, in an expeditious but orderly

manner, liquidate and convert to Cash the Liquidation Trust Assets, make timely distributions to the Liquidation Trust Beneficiaries in accordance with the Plan and the Liquidation Trust Agreement and not unduly prolong its duration.  The Liquidation Trust will not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth herein.

The Liquidation Trust is intended to be treated as a "liquidating trust" pursuant to Treasury Regulation §§ 301.7701-4(d) and as a "grantor trust for federal income tax purposes, pursuant to §§ 671 through 679 of the Internal Revenue Code of 1986, as amended (the "**IRC**").  In the event that the Liquidation Trust shall fail or cease to qualify as a liquidating trust in accordance with Treasury Regulations §§ 301.7701-4(d), the Liquidation Trustee shall take such action as it shall deem appropriate to have the Liquidation Trust classified as a partnership for federal tax purposes under Treasury Regulations §§ 301.7701-3 (but not a publicly traded partnership within the meaning of § 7704 of the IRC), including, if necessary, creating or converting it into a limited partnership or limited liability company that is so classified.  For federal income tax purposes, (a) the Liquidation Trust Beneficiaries will be treated as the grantors and owners of the Liquidation Trust and, therefore, will be responsible for the payment of tax on their respective allocable share of the taxable income of the Liquidation Trust; and (b) the transfer of the Liquidation Trust Assets pursuant to the Plan will be a taxable transaction and will be deemed to be a transfer to the holders of Allowed Claims, followed by a deemed transfer by such beneficiaries to the Liquidation Trust.

As soon as reasonably practicable after the Effective Date, the Liquidation Trustee (to the extent that the Liquidation Trustee deems it necessary or appropriate in the Liquidation Trustee's sole discretion) will value the Liquidation Trust Assets based on a good faith determination of their value.  The valuation will be used consistently by all parties (including the Liquidation Trustee and the Liquidation Trust Beneficiaries) for all federal income tax purposes.  The Bankruptcy Court will resolve any dispute regarding the valuation of the Liquidation Trust Assets. The right and power of the Liquidation Trustee to invest the Liquidation Trust Assets transferred to the Liquidation Trust, the proceeds thereof, or any income earned by the Liquidation Trust, will be limited to the right and power to manage and invest such Liquidation Trust Assets in accordance with this Liquidation Trust Agreement.

5.2    <u>**General Tax Reporting by the Liquidation Trust and the Liquidation Trust Beneficiaries.**</u>

(a)    The Liquidation Trustee shall prepare, consistent with <u>Section 4.1</u> hereof, and file on behalf of the Liquidation Trust, at the time and in the manner prescribed by the IRC and applicable state and local law, such tax returns and reports as may be required, including but not limited to returns and reports required by Treasury Regulations §§ 1.671-4(a). The Liquidation Trustee shall pay or cause to be paid any and all taxes imposed on the Liquidation Trust.  The Liquidation Trustee will also file or cause to be filed, all appropriate tax returns with respect to any Liquidation Trust Assets allocable to Disputed Claims, and pay or cause to be paid any and all taxes imposed with respect to the Disputed Claims.

(b)    As soon as practicable after the close of each fiscal year, the Liquidation Trustee shall mail to each of the Liquidation Trust Beneficiaries a statement setting forth the beneficiary's share of items of income, gain, loss, deduction or credit and will instruct all such beneficiaries to report such items on their federal income tax returns.  The Liquidation Trust's

taxable income, gain, loss, deduction or credit will be allocated (subject to subsection (c) hereof, related to Disputed Claims) to the Liquidation Trust Beneficiaries in accordance with their relative beneficial interests in the Liquidation Trust.

(c)     Absent definitive guidance from the IRS or a court of competent jurisdiction to the contrary, the Liquidation Trustee shall:

(1)     treat all Liquidation Trust Assets allocable to, or retained on account of, Disputed Claims, as a discrete trust for federal income tax purposes, consisting of separate and independent shares to be established in respect of each Disputed Claim;

(2)     treat as taxable income or loss of this separate trust with respect to any given taxable year the portion of the taxable income or loss of the Liquidation Trust that would have been allocated to the holders of such Disputed Claims had such Claims been Allowed on the Effective Date (but only for the portion of the taxable year with respect to which such Claims are unresolved);

(3)     treat as a distribution from this separate trust any increased amounts distributed by the Liquidation Trust as a result of any Disputed Claim resolved earlier in the taxable year, to the extent such distribution relates to taxable income or loss of this separate trust determined in accordance with the provisions hereof; and

(4)     to the extent permitted by applicable law, report consistently for state and local income tax purposes.

(d)     The Liquidation Trustee shall be responsible for payments, out of the Liquidation Trust Assets, of any taxes imposed on the Liquidation Trust or its assets. In the event, and to the extent any cash retained on account of Disputed Claims in any such reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes paid by the Liquidation Trustee other than from the reserve for Disputed Claims shall be (i) reimbursed from any subsequent cash amount retained on account of Disputed Claims or (ii) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts distributable by the Liquidation Trustee as a result of the resolutions of such Disputed Claims.

(e)     The Liquidation Trust may retain and compensate from Liquidation Trust Assets, Professionals to perform the Liquidation Trustee's duties under this <u>Section 5.2</u> and, subject to the provisions of the Plan and this Liquidation Trust Agreement, may rely upon the performance of such Professionals with respect to such duties.

(f)     The Liquidation Trustee may request an expedited determination of taxes of the Liquidation Trust, including with respect to the Disputed Claims under Bankruptcy Code § 505(b) for all returns filed for, or on behalf of, the Liquidation Trust for all taxable periods through the dissolution of the Liquidation Trust.

5.3     <u>**Withholding of Taxes and Other Charges**</u>. The Liquidation Trust may withhold from any amounts distributable at any time to the Liquidation Trust Beneficiaries such sum or sums as may be necessary to pay any taxes or other charges which have been or may be imposed

on the Liquidation Trust or the Liquidation Trust Beneficiaries under the income tax laws of the United States or of any state or political subdivision or entity by reason of any Distribution provided for in the Plan or this Liquidation Trust Agreement, whenever such withholding is required by any law, regulation, rule, ruling, directive or other governmental requirement, and the Liquidation Trustee, in the exercise of its discretion and judgment, may enter into agreements with taxing or other authorities for the payment of such amounts as may be withheld in accordance with the provisions of this <u>Section 5.3</u>.  Notwithstanding the foregoing but without prejudice to the Liquidation Trust's rights hereunder, the Liquidation Trust Beneficiaries shall have the right with respect to the United States or any state or political subdivision or entity to contest the imposition of any tax or other charge by reason of any distribution hereunder or under the Plan.

5.4     **Other**.  The Liquidation Trustee shall file, or cause to be filed, any other statements, returns, or disclosures relating to the Liquidation Trust that are required by any governmental unit or applicable law.

**ARTICLE VI
THE LIQUIDATION TRUSTEE**

6.1     **Liquidation Trustee's Compensation and Reimbursement**.

(a)     As compensation for carrying out its duties under the Plan and the Liquidation Trust Agreement, the Liquidation Trustee shall receive five percent (5%) of all gross amounts recovered by the Liquidation Trustee for the benefit of the Liquidation Trust.  The Liquidation Trustee shall not receive any hourly compensation for its services.  The Liquidation Trustee is entitled to reimbursement of its reasonable and necessary out-of-pocket expenses incurred in carrying out its duties under the Plan and the Liquidation Trust Agreement.

(b)     The Liquidation Trustee may employ on behalf of itself, without Bankruptcy Court order, Professional persons to assist the Liquidation Trustee in carrying out duties under the Plan and this Liquidation Trust Agreement.  The Liquidation Trustee's Professionals (i) shall be compensated at their respective standard hourly rates for time spent administering the implementation of the Plan and this Liquidation Trust Agreement and (ii) shall be entitled to reimbursement of their reasonable and necessary expenses incurred in carrying out the Liquidation Trustee's duties under the Plan and the Liquidation Trust Agreement.

(c)     The Liquidation Trustee shall have the right to retain Professionals that, in the discretion of the Liquidation Trustee, are necessary to assist the Liquidation Trustee in the performance of its duties, subject to the limitations imposed by the Plan and this Liquidation Trust Agreement.   Any Professionals retained by the Liquidation Trustee shall be paid by the Liquidation Trust without prior Bankruptcy Court approval or Designated Notice.

(d)     All compensation and expense reimbursements due to the Liquidation Trustee or its Professionals for services rendered on behalf of the Liquidation Trust shall be paid solely from Liquidation Trust Assets.

6.2     **Resignation/Removal of the Liquidation Trustee**.  The Liquidation Trustee may resign at any time by filing a written notice of resignation with the Bankruptcy Court, and providing the Designated Notice.  Any such resignation shall become effective on the earlier to

occur of (a) sixty (60) days after the filing date of such notice or (b) the appointment of a successor Liquidation Trustee. A Designated Notice party may move to remove the Liquidation Trustee upon Designated Notice and opportunity for a hearing before the Bankruptcy Court. If the Liquidation Trustee believes that its removal is not in the best interests of the Liquidation Trust Beneficiaries, then the Liquidation Trustee may oppose such removal and be heard by the Bankruptcy Court. All reasonable fees and expenses incurred by the Liquidation Trustee in response or opposition to such motion for removal shall be paid by the Liquidation Trust.

6.3 **Appointment of Successor Liquidation Trustee**. In the event of the death, resignation or removal of the Liquidation Trustee, the Bankruptcy Court shall designate a successor Liquidation Trustee, after hearing recommendations, if any, from any Designated Notice party. Any successor Liquidation Trustee appointed hereunder shall execute and file with the Bankruptcy Court and provide Designated Notice of a statement accepting such appointment, setting forth the terms of engagement, and agreeing to be bound by the terms of the Plan, Confirmation Order and the Liquidation Trust Agreement, and upon such filing, the successor Liquidation Trustee shall immediately become vested with all the rights, powers, trusts and duties of the Liquidation Trustee. In the case of a removal of the Liquidation Trustee, then such successor shall be effective upon order of the Bankruptcy Court.

6.4 **Liquidation Trust Continuance**. The resignation or removal of the Liquidation Trustee shall not operate to terminate the Liquidation Trust or to revoke any existing agency created pursuant to the terms of this Liquidation Trust Agreement or invalidate any action theretofore taken by the Liquidation Trustee or any prior Liquidation Trustee. In the event of the resignation or removal of the Liquidation Trustee, such Liquidation Trustee shall (a) promptly execute and deliver such documents, instruments and other writings as may be reasonably requested by the successor Liquidation Trustee to effect the termination of the Liquidation Trustee's capacity under this Liquidation Trust Agreement and the conveyance of the Liquidation Trust Assets then held by the Liquidation Trustee to such Liquidation Trustee's successor; (b) deliver to the successor Liquidation Trustee all documents, instruments, records and other writings related to the Liquidation Trust as may be in the possession of the Liquidation Trustee; and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Liquidation Trustee.

6.5 **Reliance by Liquidation Trustee**. The Liquidation Trustee may rely, and shall be fully protected personally in acting upon, any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order, or other instrument or document which the Liquidation Trustee believes to be genuine and to have been signed or presented by the proper party or parties or, in the case of facsimile transmissions or electronic mail, to have been sent by the proper party or parties, in each case without obligation to satisfy itself that the same was given in good faith and without responsibility for errors in delivery, transmission, or receipt. In the absence of fraud, bad faith, willful misconduct or gross negligence on the Liquidation Trustee's part, the Liquidation Trustee may rely as to the truth of any statements contained therein in acting thereon. The Liquidation Trustee may consult with and rely on the advice of legal counsel and such other experts, advisors, consultants, or other Professionals as shall have been retained pursuant to this Liquidation Trust Agreement and shall be fully protected in respect of any action taken or suffered by them in accordance with the written opinion of legal counsel. Notwithstanding such authority, the Liquidation Trustee shall be under no obligation to consult with attorneys,

accountants, or its agents, and its determination to not do so should not result in imposition of liability on the Liquidation Trustee unless such determination is based on willful misconduct or fraud.

6.6    **Standard of Care**.   Except in the case of fraud, gross negligence or willful misconduct, the Liquidation Trustee shall not be liable for any loss or damage by reason of any action taken or omitted by the Liquidation Trustee pursuant to the discretion, power, and authority conferred on the Liquidation Trustee by this Liquidation Trust Agreement, the Plan, and the Confirmation Order.

6.7    **No Liability for Acts of Predecessor Trustees**.   No successor Liquidation Trustee shall be in any way liable for the acts or omissions of any predecessor Liquidation Trustee unless a successor Liquidation Trustee expressly assumes such responsibility.

6.8    **Insurance**.   The Liquidation Trustee may purchase, but shall be under no obligation to so purchase, at the expense of the Liquidation Trust: (a) errors and omissions insurance with regard to any liabilities, losses, damages, claims, costs and expenses it may incur, including but not limited to attorneys' fees, arising out of or due to its actions or omissions or consequences of such actions or omissions, other than as a result of its bad faith, malfeasance, fraud, gross negligence or willful misconduct, with respect to the implementation of this Liquidation Trust Agreement, the Plan, or the Confirmation Order; or (b) such other or additional insurance coverage as the Liquidation Trustee may determine in its reasonable business judgment to be beneficial for protection of the Liquidation Trust Assets.  Notwithstanding the foregoing, the Liquidation Trustee shall not be obligated to obtain any insurance except as may be required by the Plan or Confirmation Order.

6.9    **No Implied Obligations**.   No Liquidation Trustee shall be liable for any duties or obligations except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Liquidation Trust.

6.10    **No Personal Liability**.   Persons dealing with the Liquidation Trust must look solely to the Liquidation Trust or Liquidation Trust Assets for the enforcement of any Claims against the Liquidation Trustee or Liquidation Trust or to satisfy any liability incurred by the Liquidation Trustee to such Persons in carrying out the terms of this Liquidation Trust, and neither the Liquidation Trustee nor the Debtors nor any other Person shall have any personal liability or individual obligation to satisfy any such liability.

6.11    **Indemnification**.   The Liquidation Trust shall indemnify and hold harmless the Liquidation Trustee and its agents, representatives, Professionals, and employees from and against and in respect to any and all liabilities, losses, damages, claims, costs and expenses, including, but not limited to attorneys' fees and costs arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Liquidation Trust or the implementation or administration of the Plan; *provided, however*, that no such indemnification will be made to such persons for such actions or omissions in willful misconduct, gross negligence, or fraud.

# ARTICLE VII
## AMENDMENTS

7.1 __Amendments__. The parties hereto may make and execute written amendments to this Liquidation Trust Agreement; *provided, however*, that in no event shall this Liquidation Trust Agreement be amended: (a) so as to change the purpose of the Liquidation Trust as set forth in Article I hereof; (b) so as to allow funds constituting Liquidation Trust Assets to be invested in a manner other than as permitted in this Liquidation Trust Agreement; (c) so as to adversely affect the U.S. Federal income status of the Liquidation Trust in accordance with Article I hereof; or (d) or in any manner that would limit or decrease the amount of cash required to be deposited in the General Account or increase the withdrawals from the General Account. Any proposed amendment to this Liquidation Trust Agreement shall require Bankruptcy Court approval after Designated Notice.

# ARTICLE VIII
## MISCELLANEOUS PROVISIONS

8.1 __Applicable Law__. The Liquidation Trust created herein shall be construed, regulated and administered under the laws of the State of Texas without regard to principles of conflicts of law; *provided that* the Liquidation Trust and any interpretation or enforcement of the provisions of this Liquidation Trust Agreement shall be subject to the jurisdiction of the Bankruptcy Court.

8.2 __No Association, Partnership or Joint Venture__. This Liquidation Trust Agreement is not intended to create, and shall not be interpreted as creating, an association, partnership, or joint venture of any kind.

8.3 __Partial Invalidity__. If any term or provision of this Liquidation Trust Agreement is held to be illegal, invalid, or unenforceable under present or future laws effective during the term of this Liquidation Trust Agreement, such term or provision shall be fully severable and this Liquidation Trust Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised a part of this Liquidation Trust Agreement; and the remaining terms and provisions of this Liquidation Trust Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Liquidation Trust Agreement, and this Liquidation Trust Agreement shall be construed so as to limit any term or provision so as to make it a legal, valid and enforceable provision, provided that such construction, to the maximum extent possible, shall give effect to the purposes of the Plan.

8.4 __Modifications__. This Liquidation Trust Agreement may not be modified unless any proposed amendment, modification, or supplement is first (a) agreed to in writing by (i) the Liquidation Trustee, and (ii) the Debtors or their successor in interest; and (b) approved by the Bankruptcy Court after Designated Notice.

8.5 __Designated Notice__. As used herein, the term __"Designated Notice"__ means notice and an opportunity for a hearing as defined in Bankruptcy Code § 102(a), with notice limited to the following parties: (a) the Debtors and their counsel; (b) the Liquidating Trustee and its counsel;

(c) the Bankruptcy Administrator for the Eastern District of Texas; and (d) other parties in interest who, after entry of the Confirmation Order, (i) file a request for such notice with the Clerk, (ii) include in such request its name, contact person, address, telephone number, and facsimile number, and (iii) serve a copy of such notice to the Debtors and their counsel (at the addresses set forth in the Section 16.09 of the Plan) and to the Liquidating Trustee and its counsel (at the addresses set forth below).

8.6    **Notices**.  All notices, requests, consents and other communications hereunder shall be in writing and shall be addressed as set forth in the Plan.  All such notices, requests, consents and other communications shall be given by facsimile, electronic mail, hand delivery, or overnight delivery and shall be deemed given when actually delivered.  Any and all notices to the Liquidation Trustee, whether pursuant to the Plan or this Liquidation Trust Agreement, shall be given to the Liquidation Trustee, with a copy to the Liquidation Trustee's counsel, at the following address:

| **Liquidation Trustee:** | **Liquidation Trustee's Counsel:** |
|---|---|
| Jason Rae | Joseph M. Coleman |
| LAIN, FAULKNER & CO., PC | S. Kyle Woodard |
| 400 North St. Paul Street, Suite 600 | KANE RUSSELL COLEMAN LOGAN PC |
| Dallas, Texas 75201 | 901 Main Street, Suite 5200 |
| Email: jrae@lainfaulkner.com | Dallas, Texas 75202 |
| | Email: jcoleman@krcl.com |
| | kwoodard@krcl.com |

8.7    **Counterparts**.  This Liquidation Trust Agreement may be executed in any number of counterparts, each of which shall be an original, but such counterparts shall together constitute one and the same instrument.

8.8    **Headings**.  The section headings contained in this Liquidation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Liquidation Trust Agreement or of any term or provision hereof.

8.9    **Confidentiality**.  The Liquidation Trustee shall, during the period that it serves in such capacity under this Liquidation Trust Agreement and following either (a) the termination of this Liquidation Trust Agreement or (b) such Liquidation Trustee's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Liquidation Trust Assets relates or of which it has become aware in its capacity as Liquidation Trustee.

8.10    **Retention of Jurisdiction**.  The Bankruptcy Court shall retain jurisdiction as set forth in the Plan over issues related to the enforcement or interpretation of this Liquidation Trust Agreement, including the determination of all claims, controversies, disputes and issues arising under or in connection with the Liquidation Trust or this Liquidation Trust Agreement and the management and administration of the Liquidation Trust and for all of the purposes contemplated herein.

8.11   **Relationship to Plan**.  The principal purpose of this Liquidation Trust Agreement is to aid in the implementation of the Plan and, therefore, this Liquidation Trust Agreement incorporates and is subject to the provisions of the Plan.  In the event any provision of this Liquidation Trust Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provisions of the Plan or the Confirmation Order shall control.  Where the Plan and Confirmation Order conflict, the Confirmation Order shall control.

**[Remainder of Page Intentionally Left Blank]**

IN WITNESS WHEREOF, and in agreement herewith, the parties hereto have executed this Liquidation Trust Agreement or caused this Liquidation Trust Agreement to be duly executed as of the day and year first written above.

**Zenergy Brands, Inc. and its affiliated Debtors**

By: _____

　　　Joshua Campbell
　　　Chief Executive Officer

**Liquidation Trustee**

By: _____

　　　Jason Rae